ORMSBY BROS. & CO. v. NOLAN, SHERIFF, ET AL.

1. **Chattel Mortgage**: INSUFFICIENT DESCRIPTION. In a chattel mortgage the property was described thus: "One open buggy, with fills new, made by Taylor Brothers, Emmetsburg, and bought of them; and one sulky, new, made by Taylor Brothers, Emmetsburg, Iowa." *Held*, that it was not sufficiently definite to impart notice to third persons by the recording of the mortgage;—following cases cited in opinion.

2. ———: PAROL TO IDENTIFY PROPERTY. It is only when a chattel mortgage suggests inquiry which will result in the identification of the property that parol evidence is admissible to aid in its identification. See cases cited.

3. **Appeal to Supreme Court**: JURISDICTION: AMOUNT IN CONTROVERSY. The amount in controversy, for the purposes of an appeal to this court, is to be determined from the pleadings; and where the petition in replevin alleged the property to be worth $95, and plaintiffs' interest in it to be $86.50, and claimed $25 damages for its wrongful detention, *held* that the amount in controversy was more than $100, and that the cause was appealable without the certificate of the trial judge.

4. **Replevin**: FORM OF JUDGMENT: ERROR WITHOUT PREJUDICE. Where mortgaged chattels were levied upon under execution against the mortgagor, and the mortgagee replevied them, but the judgment was for the defendant—the officer who made the levy,—the judgment should have been for the return of the property, or, in default thereof, for the amount due on the execution, and not for the entire value of the property, where that was more than the amount due on the execution. But, although the alternative judgment was for the greater amount, plaintiffs cannot complain, so long as they may discharge the same by the return of the property.

*Appeal from Palo Alto District Court.*

TUESDAY, JUNE 15.

THIS is an action of replevin, in which the plaintiffs seek to recover certain personal property, the possession of which they claim they are entitled to by virtue of a chattel mortgage executed by one Wickham to one Conger, and assigned by Conger to the plaintiffs. The defendants answered by denying the plaintiffs' right to the property, and averring that the defendant Nolan is the sheriff, and the defendant McNally is the deputy-sheriff, of Palo Alto county, and that the defendant McNally levied an execution upon said property as the property of Wickham, said execution having been issued on a judgment against Wickham. There was a trial by jury, and a verdict and judgment for the defendant. Plaintiffs appeal.

*Soper, Crawford & Carr,* for appellants.

*Harrison & Jenswold,* for appellees.

ROTHROCK, J.—I. The property in controversy was described in the mortgage as follows: "One open buggy,
1. CHATTEL mortgage: insufficient description. with fills new, made by Taylor Brothers, Emmetsburg, and bought of them; and one sulky, new, made by Taylor Brothers, Emmetsburg, Iowa." There was no evidence that the defendants had any actual notice of the mortgage when the property was levied upon,

and the court below held that the description of the property in the mortgage was too indefinite to charge the defendants with constructive notice, and that, as between these parties, extrinsic evidence was not admissible to identify the property as that intended by the parties to the mortgage to be included therein.

Appellants insist that these rulings of the court were erroneous. A number of cases have been determined by this court involving the question as to the sufficiency of the description of property in chattel mortgages to charge third persons with constructive notice of the rights of the mortgagee. See *Smith v. McLean*, 24 Iowa, 331; *Ivins v. Hines*, 45. Id., 73; *Muir v. Blake*, 57 Id., 665; *Hayes v. Wilcox*, 61 Id., 732; *Everett v. Brown*, 64 Id., 420.

An examination of these cases leaves no doubt that the ruling of the court below was correct. The description of the property as contained in the mortgage must direct the mind to evidence whereby the precise thing conveyed may be ascertained, and if thereby absolute certainty may be attained, the instrument is valid; otherwise it is void as to third parties for uncertainty. Of course, no two of the above cited cases are exactly alike in the description of the property in the mortgage; but it is quite apparent that the mortgage involved in this case is invalid under the rule above stated. The description is so much like that in the case of *Hayes v. Wilcox*, *supra*, which was held to be insufficient, that counsel for appellant intimate that that case should be overruled and this mortgage sustained. We know no reason for so doing, and we think that the *Hayes' Case* is not inconsistent with the other cited cases.

The ruling of the court excluding the extrinsic evidence was correct. It is only when the mortgage suggests inquiry, which will result in its identification, that parol evidence is competent to point out and identify the property. *Rowley v. Bartholomew* 37 Iowa, 374; *Ivins v. Hines*, 45 Id., 73.

2. ——: parol to identify property.

Ormsby Bros. & Co. v. Nolan, Sheriff, et al.

II.  For some reason the court below thought it necessary to certify this cause to this court under section 3173 of the *3. APPEAL to supreme court: jurisdiction: amount in controversy.* Code, which limits the right of appeal to cases when the amount in controversy, "as shown by the pleadings, does not exceed one hundred dollars," unless by a certificate from the trial judge. The amount in controversy, as shown by the pleadings in this case, does exceed one hundred dollars. This is apparent from the averments of the petition. It is there claimed that the property is of the value of $95, and that the extent of the plaintiff's interest therein is $86.50, which is the amount of the debt secured by the mortgage; and it is charged that the plaintiffs have been damaged in the sum of $25 by the wrongful detention of the property. They demand a judgment for the delivering of the property, and $25 damages. Nothing can be plainer than that the amount in controversy exceeds $100. It is true, no evidence of damages was introduced. But that is immaterial. The amount in controversy is to be ascertained from the pleadings alone.

The court gave the following instruction to the jury: "In regard to the issues in the case, you are told that the plaintiffs have failed to sustain their case by sufficient evidence. You will therefore return a verdict for the defendants for the possession of the property in controversy, but you must determine from the evidence the value of the property, and this is the only question for you to consider." The jury fixed the value of the property at $100, and the court rendered a judgment against the plaintiff for the return of the property; and in default of making the return, or in case the same cannot be found, then that defendants recover $100 in money, and costs. It is claimed that this judgment is erroneous, because the proof shows that the amount due on the execution is much less than $100. It is true, the court should have directed the jury to find the value of the defendants' interest in the

property. This value was the amount due on the execution, and the costs thereon. But we think the plaintiffs have no cause of complaint. It does not appear that they made any objection to the above instructions on the ground that the jury should have been directed to find the value of defendants' interest; and they make no such objection in argument now. They object to the judgment. The judgment gives the plaintiffs the option to return the property or pay the value and costs. This they may yet perform. They may return the property. If they do so, and pay the costs, the judgment will be satisfied. It may be the defendants were entitled to elect whether they would take the property or the money judgment; but they have not appealed, and do not complain of the judgment. We do not think the plaintiffs are in a position to complain of the judgment, so long as they may discharge the same by return of the property.

AFFIRMED.