Sperry, Watt & Garver v. Clarke.

2. ——: ——:
considera-
tion : settle-
ment.

AFFIRMED.

---

SPERRY, WATT & GARVER v. CLARKE.

Chattel Mortgage : OF ACCOUNTS : WHAT IS : INDEFINITE DESCRIPTION. The mortgage in question reads thus : " We have bargained and sold * * * our entire stock of dry goods * * * ; also our books of account, and accounts due and to become due, * * * to have and to hold the same forever, * * * upon condition, however, that if the said (mortgagors) shall pay or cause to be paid to the said (mortgagees) * * * two promissory notes, * * * then these presents to be void ; otherwise in full force." Held—

. (1) That this was a mortgage or pledge of the accounts, and not an absolute assignment.

(2) That the description of the accounts was so indefinite that the record of the instrument did not impart constructive notice to the third parties.

[ROBINSON, J., dissenting.]

| 76 | 503 |
| 83 | 571 |
| 76 | 503 |
| 88 | 440 |
| 76 | 503 |
| 97 | 15 |

Sperry, Watt & Garver v. Clarke,

*Appeal from Webster District Court.*—HON. D. D.
MIRACLE, Judge.

FILED, JANUARY 17, 1889.

·ON the second day of February, 1885, the firm of
Thompson & Thompson was doing business at Dakota
City, in Humboldt county, and were owing the plain-
tiffs $2,193.92, and to secure the same made their mort-
gage conveying a stock of merchandise, and also their
books of account and accounts due and to become due ;
and the mortgage was on the same day properly filed
for record in Humboldt county. The accounts were left
in the hands of Thompson & Thompson, under an agree-
ment that they should collect the same and remit to the
plaintiffs. On the fourth of February, 1885, Thompson
& Thompson made to the defendant their promissory
note for five hundred dollars, and to secure the payment
of the same assigned and delivered to the defendant
their books of account. The plaintiffs afterwards
( March 14, 1885 ) sold the stock of goods by virtue of
the terms of the mortgage, and the proceeds of such
sale reduced their claim to $473.43. On the twenty-
eighth day of February, 1885, the plaintiffs and the
defendant entered into a written agreement whereby
the defendant was to retain the books and collect the
accounts, or settle the same by taking notes, and hold
the proceeds subject to the action of the court determin-
ing the priority of the liens · of the parties. On said
accounts the defendant had, at the time of filing his
answer, collected five hundred dollars, leaving a balance
uncollected. The record presents other facts, but they
are unnecessary to a proper understanding of the case,
as we view it. The only question in the case is, which
party has the first claim on the accounts and the ·pro-
ceeds thereof ? The court below found for the defend-
ant, and the plaintiffs appeal.

*Lehman & Park*, for appellants.

A. *Botsford* and J. P. *Dolliver*, for appellee.

GRANGER, J.—I. The first question presented in argument for our consideration is, will the clause in the mortgage as to the accounts be construed as an assignment, or a mere pledge as security? We think the instrument on its face settles that question. It is said in argument by appellants that "the instrument itself bears the intent of the parties." Let us refer to it. It says: "We have bargained and sold * * * our entire stock of dry goods, * * * situate in Mrs. A. B. West's store building in Dakota City; * * * also our books of account, and accounts due and to become due, * * * to have and to hold the same forever, * * * upon condition, however, that if the said Thompson & Thompson shall pay or cause to be paid to the said Sperry, Watt & Garver * * * two promissory notes, * * * then these presents to be void; otherwise in full force." It is conceded in the case that the stock of goods was only mortgaged. Now, taking the instrument as showing the intent of the parties, (and wherein does it show a different intent or purpose as to the stock of goods and the accounts?) the same language as to the sale and the conditions of the sale applies to each. It is the conditional feature of the instrument that renders it a mortgage. The clause of the instrument which appellants construe as the assignment is ingrafted into a mortgage, and without a distinguishing sentence in reference to it. This, we think, is enough to justify a holding that the intent was only to pledge it as security. As indicating the intent of the plaintiffs, looking beyond the mortgage, we find by reference to the agreement, by which the defendant was to hold and collect the accounts pending litigation, that it uses these words: "Whereas said Sperry, Watt & Garver hold a chattel mortgage executed February 2, 1885, by Thompson & Thompson, upon the books of account due and to become due," etc. This language indicates something of the view of the plaintiffs after this controversy arose.

II. It is insisted by the appellee that the description in the mortgage is too indefinite to impart constructive notice to third parties. The description in the mortgage, placed under the usual, *videlicet*, is as follows: "Our entire stock of dry goods, groceries, boots and shoes, clothing, glassware and fixtures, all situate in Mrs. A. B. West's store building in Dakota City, Iowa, on lots 6 and 7, in block No. 7, in said town of Dakota City, Iowa; also our books of account and accounts due and to become due." Something is said in argument as to accounts not being a proper subject of chattel mortgage. That point, in this case, has received little attention from counsel, and we pass it, hoping to be favored with a fuller brief and argument, if the question shall hereafter arise. As to the sufficiency of the description we are not referred to, nor do we find, where this court has passed upon the sufficiency of a description of accounts in a mortgage. In the case of *Ormsby v. Nolan,* 69 Iowa, 130, the court had under consideration the sufficiency of a description in these words: "One open buggy, with fills, new, made by Taylor Bros., Emmetsburg, and bought of them; and one sulky, new, and made by Taylor Bros., Emmetsburg, Iowa." This court held such a description too indefinite to impart constructive notice, and used the following language: "The description of the property as contained in the mortgage must direct the mind to evidence whereby the precise thing conveyed may be ascertained, and if thereby absolute certainty may be attained the instrument is valid; otherwise, it is void as to third parties for uncertainty." The description in the case at bar is certainly not more definite or certain. It says, "our accounts." It is to some extent uncertain as to whether it means all or only a part. Extrinsic evidence would in many cases show that by such an expression the parties only intended a part; in others it would show that all was intended. It does not show whether the mortgage includes only the accounts made directly by Thompson & Thompson in their business, or accounts purchased by them,—whether or not they are accounts

evidenced or designated by memorandums. Words could hardly be used to render it more indefinite and uncertain. It does not come within the rule that "the mortgage must direct the mind to evidence whereby the precise thing conveyed may be ascertained." If the mortgage contained a clause referring to a memorandum statement of the accounts, or a book containing a statement or a memorandum thereof in the possession of some person, it would seem to point to the evidence contemplated by the rule given. We think the record of the mortgage, so far as the accounts are concerned, was not notice to the defendant.

AFFIRMED.

ROBINSON, J., dissenting.