SANDWICH MANUFACTURING COMPANY, Appellant, v. T. J. B. ROBINSON, Intervener, Appellee.

1. **Chattel Mortgage:** MONEY DEMANDS NOT YET EARNED. Demands for money not yet earned may be mortgaged.

| | |
|---|---|
| 83 | 567 |
| 88 | 437 |
| 83 | 567 |
| 89 | 268 |
| 83 | 567 |
| 92 | 592 |
| 83 | 567 |
| 94 | 558 |
| 83 | 567 |
| 97 | 15 |
| 98 | 17 |

2. ——: ——: SUFFICIENCY OF DESCRIPTION.  A mortgage upon all threshing machine accounts, which the mortgagor shall earn or shall become due him by the work of a certain machine therein described, and in the mortgagor's possession, from the date of said mortgage until the mortgage indebtedness is paid in full, is too indefinite in its description to charge third persons with notice.  [BECK, C. J., *dissenting.*]

*Appeal from Franklin District Court.*—HON. D. R. HINDMAN, Judge.

WEDNESDAY, OCTOBER 21, 1891.

THE plaintiff caused an execution to be issued for the satisfaction of a judgment which it held against one Frank Menzie.  It was served by garnishing certain persons as supposed creditors of Menzie.  They were required to appear in court and make answer to the garnishment.  At the term at which they were required to answer the appellee appeared and filed a petition of intervention, in which he claimed the money of Menzie in the hands of the garnishees by virtue of a chattel mortgage thereon, executed and recorded in Franklin county prior to the garnishment.  A demurrer to the petition of intervention was overruled, and from that ruling the plaintiff appeals.—*Reversed.*

*Andrews & Bedell*, for appellant.

*Wm. Hoy*, for appellee.

ROBINSON, J.—I.  The matter in controversy is presented in a certificate of the trial judge in words as follows: "* * * * Is the following description contained in a chattel mortgage a sufficient description to impart notice to third parties as to the accounts therein described, to-wit:  'One J. I. Case Threshing Machine Co.'s separator, number 10,921, with trucks, etc., and twelve-horse power, complete, with all the belts and tools owned by Menzie & Norvell.  All the threshing-

<small>1. CHATTEL mortgage: money demands not yet earned.</small>

machine accounts which we shall earn or shall become due us by the work of the above machine from now till this debt is paid in full. All of which property I now own, clear of all incumbrance, and the same is now in my possession in section 11-8, township number 91-2, range number 21?' ''

It is claimed by the appellant that the description is insufficient for the reason that demands for money not earned cannot be mortgaged. We do not think the claim is well founded. As a general rule, every species of personal property which may be sold, and which has an actual or prospective existence, may be mortgaged. 6 Lawson on Rights, Remedies & Practice, sec. 3079. It is the well-settled rule in this state that a valid mortgage may be given on personal property not owned by the mortgagor, and not then in existence, if he afterwards acquire it. That rule has been applied to additions to stocks of merchandise. *Scharfenburg v. Bishop*, 35 Iowa, 63; *Stephens v. Pence*, 56 Iowa, 258. It has also been applied to crops to be planted and grown. *Norris v. Hix*, 74 Iowa, 525; *Wheeler v. Becker*, 68 Iowa, 723; *Fejavary v. Broesch*, 52 Iowa, 88. The right of a railroad company to mortgage its future earnings was affirmed in *Jessup v. Bridge*, 11 Iowa, 575, although the decision was founded to some extent on considerations of public policy. See also *Dinham v. Isett*, 15 Iowa, 293. The principles which govern the cases cited are applicable to the one under consideration. That an account for money due may be sold, cannot be questioned, and an interest in such an account less than the unqualified ownership of it may be transferred. Since a valid mortgage may be given on merchandise not in existence, and on crops neither grown nor planted, we must hold that one may be given on a claim for money not earned. In such cases the mortgage attaches to the property designed to be included therein when it is

brought into existence. What relation a mortgage of accounts has to the recording act is a question not presented for our consideration, and not determined.

II. We are of the opinion, however, that the question certified must be answered in the negative. The description given specifies the machine with which the accounts were to be earned, and the time during which they were to be earned, but there is no suggestion as to the county or state in which they were to be earned, nor of the persons against whom they may accrue, and no certainty as to the persons who shall earn them by operating the machine. The test of the sufficiency of a description in a chattel mortgage to charge third parties with notice approved by this court is stated as follows: "That description which will enable third persons aided by inquiries which the instrument itself indicates and directs, to identify the property, is sufficient." *Smith v. McLean*, 24 Iowa, 332. It was said in *Muir v. Blake*, 57 Iowa, 665, that a chattel mortgage which described the mortgaged property as "all the crops raised by me in any part of Jones county for the term of three years," was insufficient, and that "a chattel mortgage ought not to be a drag net, covering a whole county, in any such general terms." But the description involved in that case was much more definite and certain than the one in controversy. This contains nothing which would direct third persons to the property sought to be mortgaged. It is true, if a debtor of the mortgagor were found, he might be interrogated as to the origin of the indebtedness, and by pursuing that or some other method it might be ascertained that the debt was owing to the mortgagor by reason of work done with a separator bearing the number given in the mortgage, but the law imposes no such burden upon third persons. They are under no obligation to exhaust every possible means of information before

2. ——: ——: sufficiency of description.

they can safely proceed to treat the property of the mortgagor as unincumbered. *Sperry v. Clarke*, 76 Iowa, 506; *Barrett v. Fisch*, 76 Iowa, 553, and cases therein cited; *Warner v. Wilson*, 73 Iowa, 719.

Other questions are discussed by counsel, but are not involved in the appeal, and cannot be decided. For the reasons indicated the order of the district court is REVERSED.

BECK, C. J. (*dissenting*).—In my opinion the description of the accounts covered by the mortgage is just as definite as it could possibly have been made. It describes and specifies the machine for the services of which the mortgaged accounts should accrue, and the time in which such debts should be incurred. Who the persons owing the accounts shall be, and where they live, and, therefore, where the locality of the account mortgaged shall be, could not have been known, and, therefore, could not have been stated. The opinion defeats the right of the holder of the mortgage upon a ground which could not have been provided against. The mortgage puts upon inquiry which may be readily answered as to the facts relating to the names of the persons who shall own the accounts, and the locality thereof, for the accounts are against those who have threshing done by the machine. All accounts for such services are covered by the mortgage. In my opinion, the judgment of the district court should be affirmed.