LAWRENCE, MANNING & CUSHING, Appellees, v. J. R. McKENZIE, Appellee; AMERICAN HAND-SEWED SHOE COMPANY, Intervenor, Appellant.

1. **Mortgages of Accounts:** RECORDING: SECTION 1923 OF THE CODE NOT APPLICABLE TO. Accounts are not personal property within the meaning of section 1923 of the Code, requiring mortgages of personal property, where the mortgagor retains possession, to be recorded, in order to be valid as against existing creditors or subsequent purchasers without notice. Accordingly, where a debtor assigned all his accounts as shown by his books, and the accounts he should afterward make in his business, to a creditor as collateral security, and the written assignment was pasted on the inside cover of the ledger, but it was not recorded, and the books remained in the possession of the assignor, *held*, that the assignee's right to the accounts was superior to that of a subsequent mortgagee thereof, though the latter had no notice of the assignment when he took his mortgage.

2. **Attachment:** OF PROPERTY CLAIMED BY THE ATTACHING PLAINTIFF. A creditor can not consistently levy an attachment upon property which he already claims to hold as security for the same debt; and if he does proceed by attachment, he thereby waives his right to hold the property under his prior lien. Accordingly, where the plaintiff claimed as collateral security certain accounts assigned to him by

the defendant, but which were left with the defendant as his agent for collection, *held*, that, as to other creditors claiming the same accounts, he waived his rights under the assignment by causing the debtors of the defendant to be garnished, and that thereafter his rights were to be determined under the garnishment proceedings alone.

3. **Chattel Mortgages:** ACCOUNTS. It is the settled law of this state that accounts may be mortgaged.

4. ——: ——: INSUFFICIENT DESCRIPTION. Where mortgages upon a stock of goods included "book accounts," and "book accounts for goods sold," with no further description of the accounts, *held*, that the description was insufficient, and that the recording of the mortgages was no notice to another creditor who caused the debtors upon said accounts to be garnished. Where accounts are mortgaged, the names of the debtors and the amounts they severally owe should be set out.

5. ——: ——: ——: ATTACHMENT: ACTUAL NOTICE. Where the mortgagees of accounts under an insufficient description had taken possession of the mortgagor's books of account, and another creditor of the mortgagor, knowing this fact, caused the debtors of the mortgagor to be garnished, *held*, that he was not chargeable with actual notice that the mortgagees claimed the accounts contained in said books.

*Appeal from Cass District Court.*—HON. N. W. MACY, Judge.

MONDAY, MAY 22, 1893.

ACTION by attachment against the defendant, in which certain creditors of the defendant were attached as garnishees. The American Hand-Sewed Shoe Company intervened, claiming to be the owners of the indebtedness due from the garnishees to the defendant. Trial to the court. Judgment against intervenor dismissing its petition, and for costs, from which it appeals.—*Affirmed.*

*Willard & Willard* and *C. S. Patterson,* for appellant.

*De Lano & Meredith,* for appellee.

KINNE, J.—The case, as between the plaintiff and the intervenor, was submitted to the court below upon

VOL. 88—28

an agreed statement of facts, from which we condense the following as being material to the determination of this controversy:

The defendant, J. S. McKenzie, was engaged in the boot and shoe business in Cass county, Iowa, from August 14, 1888, to February 15, 1889. On the first named date he executed to the plaintiff an assignment of "all accounts due me, as shown by my ledger and day books" which he had used and was using, in his business; also, "all accounts I hereafter make in my said business." This assignment was made to secure notes given to the plaintiff. By the terms of the writing, when the indebtedness to secure which the assignment was made was paid, the assignment was "to be surrendered to him, and all the uncollected accounts turned back to him." It also provided that he should collect the accounts and pay over the money to the plaintiffs as called for, until his indebtedness to them was paid. This assignment was pasted on the inside cover of the defendant's ledger; and remained there until after the book was seized by the mortgagees, hereinafter referred to.

Thereafter the defendant executed chattel mortgages upon his stock of goods, including accounts as follows: January 15, 1889, to H. S. Albright & Co., to secure five hundred and twenty-seven dollars and ninety-six cents; February 4, 1889, to D. M. Wells & Co., to secure eight hundred and eighty-nine dollars and twenty-four cents; January 4, 1889, to R. G. Dunn & Co., as trustees, eight hundred dollars; February 5, 1889, to Hathaway, Soule & Harrington, two hundred and eighty-three dollars and eighty-five cents; February 5, 1889, to American Hand-Sewed Shoe Company, to secure two thousand and thirty-four dollars; February 23, 1889, to Little & Co., to secure an amount not shown by the record. All these mortgages were duly recorded on the same day or the day following their

execution. All of them were in the usual form, and the accounts in controversy were described in the several mortgages as follows: In the Wells mortgage and in the intervenor's mortgage, after describing other property, occur the words "and book accounts." In the other mortgages the description is, "and book accounts for goods sold." The several mortgagees at the time they took their mortgages, had no notice or knowledge of the assignment to the plaintiff.

February 13, 1889, the mortgagees took possession of the property, and foreclosed said mortgages by notice and sale. February 22, 1889, the plaintiff brought an action by attachment against the defendant on the notes secured by said assignment of accounts, and, after the foreclosure sale, caused the parties owing said accounts to be garnished therein. At the time of the service of said garnishments, the plaintiff had no actual notice that said mortgagees had or made any claim to the several sums of money owing by the garnishees to the defendant, and no constructive notice of such claims, except what the record of said mortgages and an examination of the mortgages afforded, together with actual notice that the books of account kept by the defendant were in the hands of the agent of the mortgagees, and that they were claiming them under said mortgages. February 23, 1889, the property described in the mortgages was offered for sale under the foreclosure proceedings, when one of the plaintiff's firm, being present, gave notice, prior to the sale, of the plaintiff's claim to the accounts. At his request the accounts were last offered for sale. The plaintiffs made a bid thereon, which they afterwards withdrew, and the accounts and notes were purchased by the intervenor for three thousand, three hundred and fifty dollars. The proceeds of the sale paid all the mortgages upon the stock of goods and book accounts prior to the intervenor's mortgage, but nothing was

left to apply thereon, and the same is unpaid.   None
of the property was advertised or sold under the inter-
venor's mortgage.   June 10, 1889, the plaintiff recov-
ered a judgment against the defendant for three
hundred and fourteen dollars and ten cents debt, and
twenty-five dollars and seventy-five cents attorney's
fees, and eighty-five dollars and thirty cents costs, no
part of which is paid.

I.   This is a controversy between the plaintiff and
the intervenor as to which of them has the better right

**1. MORTGAGES of accounts: recording: section 1923 of the Code not applicable to.** to the money which was due the defend-
ant on said accounts, and is now in the
hands of the several garnishees.   The
plaintiff claims under both the assign-
ment and the garnishment.   The intervenor claims by
purchase at the sale under the mortgages.   We will
first consider the plaintiff's claim.

Our statute provides:   "No sale or mortgage of
personal property, where the vendor or mortgagor
retains actual possession thereof, is valid against exist-
ing creditors, or subsequent purchasers without notice,
unless a written instrument conveying the same is
executed, acknowledged like conveyances of real estate
and filed for record with the recorder of the county
where the holder of the property resides."   Code, sec-
tion 1923.   It will be remembered that no such instru-
ment was made and filed in the case at bar; hence the
plaintiff's rights, so far as the assignment is concerned,
depend upon the construction of the statute above
quoted.   At the time the mortgages were taken, and
even at the time the mortgagees took possession of the
books of account, they had no knowledge that the
assignment had been made.

The question then is, were these accounts "per-
sonal property," within the meaning of the statute.   If
they were, then the assignment of them to the plaintiff
was void, as against the mortgagees, and also against

the intervenor, who claims under them, if they were sufficiently described in said mortgages.   Whether this section of our recording act applies to accounts was suggested, but not decided, in *Sandwich Manufacturing Co. v. Robinson*, 83 Iowa, 567.   The statute of New Jersey uses the words "goods and chattels," and under it it has been held that corporation stock was not included. The court said:   "The act has reference to pledges of personal property of a kind which is capable of visible possession."    *Williamson v. N. J. Southern Railway Co.*, 26 N. J. Eq. 403.   The same court held that a legacy was not covered by the act; that it did not apply to "mortgages of choses in action."    *Bacon v. Bonham*, 27 N. J. Eq. 212.   So it has been held that a policy of insurance is not "property," in such a sense that a transfer of it is required to be recorded under our statute.   *Aultman v. McConnell*, 34 Fed. Rep. 724.   In Massachusetts the statute uses the words "personal property," and it was held, per SHAW, C. J., that an assignment of a legacy was not a case covered by the act, as it "applied only to goods and chattels capable of delivery, and not to the defeasible or conditional assignment of a chose in action."    *Marsh v. Woobury*, 1 Metc. (Mass.) 436.   In New York the act is held not to apply to the case of the assignment of a lease as security; that the statute relates "to goods and chattels which can be removed from one place to another, and the possession thereof changed, and not to chattels real, or to a chose in action."    *Booth v. Kehoe*, 71 N. Y. 341.   In Ohio the statute is held not applicable to legacies.   *Kilbourne v. Fay*, 29 Ohio St. 264.   The supreme court of Virginia holds that such statutes only include personal property which is visible, tangible, or movable, and that an assignment of a mere chose in action is valid without recording, as against a subsequent attachment of the same debt or claim. *Kirkland v. Brune*, 31 Grat. 126.   In West Virginia

the holding is the same. *Tingle v. Fisher,* 20 W. Va. 497; *Bank v. Gettinger,* 3 W. Va. 317. In Michigan the statute reads "goods and chattels," and it is held: "It applies only to goods and chattels which are capable of delivery. * * * There is no way in which an account can be delivered. It has no tangible entity, and exists only as an incorporeal right. Neither the thing itself, nor any evidence of it, is capable of delivery." *Preston Nat. Bank v. George T. Smith Middlings Purifier Co.,* 47 N. W. Rep. (Mich.) 502. A leading text writer says: "Statutes respecting the recording of mortgages of personal property apply only to goods and chattels capable of delivery, and not to defeasible or conditional assignments of choses in action." Jones on Mortgages, section 278. The following cases support the same doctrine: *Monroe v. Hamilton,* 60 Ala. 226; *Bank v. Huth,* 4 B. Mon. 423; *Newby v. Hill,* 2 Metc. (Ky.) 532; *Brady v. State,* 26 Md. 311. See, also, *Howe v. Jones,* 57 Iowa, 130, 138.

While the language used in the recording acts of the several states differs, yet its legal effect, as applied to the matter under consideration, is the same, and the almost uniform holding has been that such acts have no application to accounts. There appears to be no good reason why, in the construction of our statute, we should depart from the rule established in nearly all the cases. As the transfer of accounts was not a sale or mortgage of such property as is contemplated by the section of the Code under consideration, it was not necessary that the instrument evidencing the same should be recorded. It was valid, as against the mortgagees and those claiming under them, though they had no notice of it, and the assignor continued to remain in possession of the property. There is no claim that the transfer of the accounts was without consideration or fraudulent. In fact, it appears that, at the time the assignment was made, the defendant was

indebted to the plaintiff in a large sum of money. From what we have said, it follows that the plaintiff has the right to the sums due from the parties owing said accounts, unless he has (as is claimed by the intervenor) waived it by causing the parties who owe said accounts to be garnished in his attachment proceeding.

II.    The intervenor claims that, by causing the debtors of the defendant to be garnished, the plaintiff has waived all his rights under the assignment. We think the claim is well founded. The plaintiff was, by his agent, in the possession of the accounts. His claim under his garnishment was clearly inconsistent with his claim by virtue of the assignment. The law is well settled that one in possession of personal property, and claiming a lien thereon or title thereto, can not attach the property for the same debt, and still maintain his prior lien or claim. *Citizens' Bank v. Dows,* 68 Iowa, 460; *Crawford v. Nolan,* 70 Iowa, 97; *Munson v. Porter,* 63 Iowa, 453; 2 Parsons on Contract, 244, 245; Story on Agency, section 367; Drake on Attachment, section 540; *Evans v. Warren,* 122 Mass. 303.

2. ATTACHMENT: of property claimed by the attaching plaintiff.

The plaintiff claims that he was not in the actual possession of the accounts under his assignment, and hence he is not within the rule. The evidence shows that he left the accounts with the defendant as his agent; that the agent was to collect and account for the same as he might be called upon, until the full sum of his indebtedness to the plaintiff was satisfied. The agent's possession was the principal's possession. The plaintiff, it occurs to us, ought not to be permitted to say that he is in possession of the accounts for the purpose of claiming that by his assignment he held a right therein superior to all others, and at the same time be justified in his contention that he was not in possession, if it was likely to interfere with his claim

to the same property by virtue of the garnishments. The plaintiff, then, if successful, must be so under his garnishment proceedings. He has waived his right to claim the property under the assignment.

III. Prior to the plaintiff's garnishment of the debtors of the defendant, the mortgages in question were executed upon the goods of the

*3. CHATTEL mortgages: accounts.*

defendant, including the accounts in controversy. The plaintiff insists that accounts are not the subject of mortgage. The general rule is that, in the absence of statutory provisions to the contrary, any personal property which is capable of being sold, and which has an actual or prospective existence, may be mortgaged. 1 Cobbey on Chattel Mortgages, section 189; Jones on Chattel Mortgages, section 114; 6 Lawson on Rights, Remedies and Procedure, section 3079. This court has recently held that accounts are the subject of a mortgage, and, whatever the rule may be elsewhere, the question is no longer an open one in this state. *Sandwich Manufacturing Co. v. Robinson*, 83 Iowa, 567.

IV. Was the description of the accounts in the mortgages under which the intervenor purchased suffi-

*4. ——: ——: insufficient description.*

cient to impart constructive notice to the plaintiff? A description reading, "our books of account, and accounts due and to become due," has been held not sufficiently definite to impart notice to third persons. *Sperry v. Clark*, 76 Iowa, 505. The description in the case at bar is not more certain than that in the case cited. So, a description reading, "all the threshing-machine accounts which we shall earn, or shall become due us, by the work of the above machine, from now till this debt is paid in full," was held not good as constructive notice, though the name and number of the machine was also given. *Sandwich Manufacturing Co. v. Robinson*, 83 Iowa, 567; see, also, *Hayes v. Wilcox*, 61 Iowa, 732;

*Everett v. Brown,* 64 Iowa, 420; *Ormsby v. Nolan,* 69 Iowa, 130; *Warner v. Wilson,* 73 Iowa, 719. Under the holding in these and other cases which might be cited, it is clear that mortgages containing such descriptions as those in the case at bar are of no validity whatever as against the plaintiffs. No attempt is made to schedule the accounts. The names of the several parties owing the debts are not stated. There is nothing to show where they reside. The character of the property sought to be mortgaged is such, and it is so peculiarly, and we might say exclusively, within the knowledge of the parties to the transaction alone, that it should be as fully described as possible. It is certainly reasonable to expect that in case of such property the names of the debtors, and the amounts they severally owe, should be set out.

V. The intervenor claims that the plaintiff had actual notice, prior to its garnishments, of the mort-

5. ——: ——: ——: gages on the accounts. It is true it appears
   attachment:
   actual notice. that the plaintiff knew that the mortgagees were in possession of the books of account, and were claiming them by virtue of the mortgages. The mortgages did not pretend to cover the books of account, and the fact that the plaintiff knew that the mortgagees were claiming the books would not be notice that they were claiming the accounts which the plaintiff afterwards sought to hold by virtue of its garnishment of several debtors. These mortgages do not, in terms, claim to cover accounts which might be the fruit of the defendant's business after they were given. Some of them do not show whether they were intended to cover all of the defendant's accounts, or only a part of them. We do not think, under all the circumstances, as it does not appear that the plaintiff knew, prior to its garnishment, that the mortgagees were making any claim to the accounts themselves, that it can be said that they had actual notice.

Some other questions are argued which we do not deem it important to consider, as they do not affect the result we have reached. We think the holding of the court below was right, and its judgment will be AFFIRMED.