FRED KLOCOW, Appellant, v. S. P. PATTEN, *et al.*

**Practice: Election.** A school treasurer sold cattle for himself and others and received a draft for the proceeds, which, in part, belonged to those others. He deposited the draft in bank to be turned over to his successor in office. One of those who had an interest in the draft began an action for cattle sold and delivered, and garnished the bank. *Held,* that on contest between the school district as intervener and plaintiff, the fund in the bank belonged to the district. Plaintiff's action was an election to treat said fund as belonging to the district treasurer instead of to himself.

*Appeal from Hardin District Court.*—HON. N. B. HYATT, Judge. ·

WEDNESDAY, JANUARY 23, 1895.

Action at law to recover an amount alleged to be due from the defendant for hogs and cattle to him sold. The action was aided by attachment, under which Lusch, Carton & Co., doing business under the name of the Bank of Ackley, were garnished. Their answers were taken, and showed that at the time of the garnishment they were owing Patten the sum of five hundred and eighty-seven dollars. The Independent District of Etna, in the county of Hardin, intervened, and claimed to own the amount in the bank to the credit of Patten. There was a trial by the court without a jury, which resulted in an order requiring the bank to pay the amount it held to the credit of Patten to the intervener, and a judgment against the plaintiff for costs. He appeals.—*Affirmed.*

*Huff & Ward* for appellant.

*J. H. Scales* for appellee.

Robinson, J.—This action was commenced on the twentieth day of October, 1892. The petition of the plaintiff alleges that in the months of September and October of that year he sold to the defendant hogs to the amount of two hundred and fifty-six dollars and twenty-two cents, and cattle to the amount of two hundred dollars, for which judgment is asked. The defendant did not enter an appearance in the case. The petition of intervention alleges that in the year 1891 the defendant became the treasurer of the intervener, and that, as such treasurer, he deposited in the bank of the garnishee the money which they hold to his credit. The plaintiff, in his answer to the petition of intervention, alleges that the money so deposited was not money which belonged to the intervener, but that five hundred and fifty-seven dollars and fifty-four cents were the proceeds of a shipment of hogs and cattle made to Chicago and sold by the defendant, and that of such proceeds one hundred and eleven dollars and fifty cents were for cattle which belonged to the plaintiff, but which had been shipped by the defendant, as agent. The plaintiff asks that the petition of intervention be dismissed, and that he have judgment against the garnishee for the amount of his claim, and costs. A motion for such a judgment on the evidence was overruled, judgment was rendered in favor of the plaintiff, and against the defendant, for three hundred and fifty-eight dollars and eighty-nine cents and costs, and in favor of the intervener, as stated.

I. There is but little dispute as to the material facts in the case. The defendant was elected treasurer of the intervener in September, 1891, and his successor was elected on the twenty-eighth day of September, 1892. One week before that time, the defendant appeared at the place where the meetings of the board

of directors were usually held, with the money in his possession which belonged to the district. Two of the directors failed to appear, and no meeting was held; but the defendant tendered the money to the secretary of the board, saying he didn't wish it any longer; that he wished to go out of the office. The secretary refused to accept the money, but advised the defendant to put it in the bank until his successor should be elected and qualified. The defendant did not deposit the money he then had, but on the thirteenth day of October, 1892, he deposited in the bank a draft for five hundred and fifty-seven dollars and fifty-four cents, which represented the proceeds of a shipment of stock he had made to Chicago, and sufficient money to make the deposit five hundred and eighty-seven dollars, which was the amount he was owing the intervener. When he made the deposit, he said, "I wish to leave this for the treasurer of the school district, for my successor." He refused to take a certificate of deposit, and instructed the bank "to leave it right in the books so my successor can get it." It appears the draft included one hundred and eleven dollars and fifty cents for cattle which belonged to the plaintiff, and which were shipped at his request, and that the shipment included hogs for which payment had not been made by the defendant. It will be observed that this is not an action in equity to enforce a trust, nor is it an action to recover the proceeds of property which was shipped and sold as the property of the plaintiff; but it was commenced as an ordinary action at law to recover the agreed price for which cattle and hogs were alleged to have been sold and delivered. The answer of the plaintiff to the petition of the intervener did not change the character of the action, although it pleaded new matters which might have afforded ground for relief in an action properly brought to recover it. But the bringing of this

action to recover as for property sold and delivered must be regarded as an election to affirm the act of the defendant in selling the property and appropriating the proceeds as his own. The plaintiff cannot be permitted to treat the property, in his transaction with the defendant, as sold, and to treat it as not sold in his dealing with the garnishee. The two methods of procedure are inconsistent with each other, and as the plaintiff elected to bring his action to recover as for property sold and delivered, and attempted to secure the deposit in question, not as his own money, but as the money of the defendant, he is concluded by that election, and cannot assert an ownership of the money, or any part of it, on other and inconsistent grounds. *Lawrence v. McKenzie,* 88 Iowa, 432, 55 N. W. 507, and cases therein cited. The fact that the draft, and perhaps the money deposited, had not been received as the money of the district, is not of any advantage to the plaintiff. The defendant was owing the amount deposited to the district, and had the right to appropriate the draft and money he did to make that amount good. It is true that he had parted with the actual possession of the draft and money, and that the intervener had not authorized the deposit. It was made, however, not as an appropriation of the deposit to the use of the defendant, but to set it apart for the use and benefit of the intervener. That the deposit was made with that intent was known to the bank, and the intervener has ratified the making of the deposit, so far as it had the power to do so, by claiming its benefits. That a part of the draft may rightfully have belonged to men who intrusted stock to the defendant for shipment is not a matter which concerns the plaintiff. As we have seen, he has waived any right he may at one time have had to recover the proceeds of his own stock, and he cannot defeat the claim of the intervener, and thereby

obtain a right for himself to that portion of the proceeds of the shipment which may rightfully have belonged to other stock owners. Whether others have any claim against the deposit is a matter which affects them and the intervener alone. The plaintiff can have no interest in it.

II. The appellant has invited our attention, without argument, to alleged errors of the court in rulings on objections and instructions. It is not our custom to consider, in civil cases, questions which are not discussed in argument, but it is proper to say that we have examined the rulings to which reference is made, and do not find in them any error which could have been prejudicial to the appellant. The judgment of the District Court is *affirmed*.