LEE DAVIS, Appellant, v. P. P. PITCHER.

**Mortgage: DESCRIPTION.** A mortgage which conveys a stock of goods in a described building and then conveys "all books of account and accounts and notes contracted and to be contracted from the sale of merchandise kept by me in said above described building" sufficiently describes the book accounts of the mortgagor, between the mortgagee and a third person who has taken possession of the books and accounts found in such building.

*Appeal from Greene District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

SATURDAY, JANUARY 25, 1896.

ACTION at law to recover the possession of books of account and accounts. A demurrer to the petition was sustained, and, the plaintiff having refused to plead further, judgment was rendered in favor of the defendant. The plaintiff appeals.—*Reversed.*

*Perry D. Rose* for appellant.

*F. M. Powers* for appellee.

ROBINSON, J. On the twenty-second day of August, 1894, one Coe Davis executed and delivered to the plaintiff a mortgage on property which was described as follows: "The following goods and chattels, to-wit: My entire stock of goods and merchandise, consisting principally of dry goods, groceries, boots and shoes, flour, salt, and other merchandise, now owned and kept by me in the one-story frame building, and a cellar thereunder, situated on the north half of the south two-thirds of lots No. sixteen and seventeen (16, 17), in block No. twenty (20), in the original town plat of Scranton, Greene county, Iowa; also, all furniture and

fixtures now in said building above described; also, all books of account, and accounts and notes, contracted and to be contracted from the sale of merchandise kept by me in said above-described building; also, all salt kept by me on the north side of the building above described and just adjoining. This mortgage is also to cover all additions and accretions to said stock of merchandise above described when placed in building above described. The above described chattels are now in my possession on the lots above described, which said building is now occupied by me as a general store. For the purpose of procuring the above loan, I hereby represent and certify to the second party that I am the lawful, absolute, and sole owner of the above mentioned and described property, goods, and chattels. * * *'' The mortgage was given to secure the payment of a note for three thousand dollars, and was duly recorded on the day it was given. After the recording of the mortgage, the defendant obtained possession of all the books of account and accounts arising from the sale of the merchandise described in the mortgage, by going into the building, and there taking possession of them, with the merchandise described in the mortgage. The books showed, when they were so taken, that the entries and accounts therein were on account of sales of merchandise. The plaintiff demands judgment for the possession of the books of account and accounts described, or, in case they cannot be found, for their value. The grounds of the demurrer are, in substance, that the description of the books and accounts contained in the mortgage is so vague and indefinite that as to them the mortgage is void for uncertainty. Whether the description given is sufficient as against third persons is the question we are required to determine.

Books of account may be mortgaged like other personal property, and are subject to the same

requirements as to certainty of description. Those in controversy were described as owned by the mortgagor and in his possession on the lots specified in the mortgage. There was no uncertainty in the description given of them. It is a settled rule of this state that a valid mortgage of accounts may be given. *Lawrence v. McKenzie*, 88 Iowa, 432 (55 N. W. Rep. 505); *Manufacturing Co. v. Robinson*, 83 Iowa, 568, (49 N. W. Rep. 1031). But what is required to constitute a sufficient description has been and is the subject of much controversy. The rule in regard to descriptions in mortgages announced in *Smith v. McLean*, 24 Iowa, 322, and since frequently approved by this court, is as follows: "That description which will enable third persons, aided by inquiries which the instrument itself indicates and directs, to identify the property, is sufficient." In *Sperry v. Clarke*, 76 Iowa, 506 (41 N. W. Rep. 203), the description "our  *  *  *  accounts due and to become due" was held to be insufficient. It was said not to show whether a part or all of the accounts of the mortgagors were included, nor from what source those mortgaged were derived; but it was intimated that if the mortgage had contained a reference to a memorandum statement of the accounts, or a book containing a statement or memorandum thereof in the possession of some person, it would have been sufficient. In *Manufacturing Co. v. Robinson, supra*, the description "all threshing machine accounts which we shall earn or shall become due us by the work of the above machine from now until this debt is paid in full," following a description of a separator and power, was held to be insufficient, for the reason that it contained nothing which would direct third persons to the property sought to be mortgaged. In *Lawrence v. McKenzie, supra*, the words "and book accounts," "and book accounts for goods sold," were held to be insufficient as descriptions in a chattel mortgage, and among the

reasons given for that conclusion were the following: That there was no attempt made to schedule the accounts; that the names and places of residence of the persons owing the accounts were not stated; and it was said that it is reasonable to expect, when accounts are mortgaged, the names of the debtors and the amounts they severally owe to be set out. The court did not intend to say, however, that the facts specified should be set out in all cases. Manifestly, it would be impossible to do so when the mortgage is intended to cover debts to be incurred after it is executed; and that a mortgage of such debts may be given was affirmed in *Manufacturing Co. v. Robinson, supra.* We are of the opinion that the general rule we have quoted from *Smith v. McLean* is applicable, and that, if the description in question comes within that rule, it is sufficient. The mortgage describes particularly the store building occupied by the mortgagor, and the entire stock of merchandise kept therein, and "all books of account, and accounts and notes, contracted and to be contracted from the sale of merchandise," which was described. Any reader of the mortgage would conclude at once that the accounts it was designated to cover would be found in the books of account, which, we have seen, were sufficiently described. The admitted facts make it clear that those books showed that the accounts therein were from the sales of merchandise; that the accounts were found, and possession thereof taken, by the defendant, in the store building in which they were stated to be; and that they were the accounts described in the mortgage. The defendant could not have been in doubt as to the accounts which the mortgage was designed to include. We conclude that the description in question was sufficient, and the judgment of the district court is therefore REVERSED.