Packers National Bank, Appellant, v. Chicago, Milwaukee & St. Paul Railway Company, Security National Bank, I. M. Brown and Wait-Wiley Live Stock Commission Company.

Chattel Mortgages: DESCRIPTION: NOTICE. Where cattle are branded with an entirely different brand from that described in a chattel mortgage which is claimed to be a lien upon the same, a purchaser is justified in assuming that they are not the cattle covered by the mortgage, where the other elements of the mortgage are not so distinctive as to point out the very animals intended to be mortgaged.

*Appeal from Woodbury District Court.*—Hon. Wm. Hutchinson, Judge.

Saturday, January 30; 1904.

This is an appeal from judgment for defendants, rendered on a directed verdict on a second trial of the case reported in 114 Iowa, 621. The facts of the case are there sufficiently stated.—*Affirmed.*

*Hallam & Stevenson* and *T. J. Mahoney* for appellant.

*T. G. Henderson, William Milchrist, Wright, Call & Hubbard,* and *Shull & Farnsworth* for appellees.

McClain, J.—The only argument made by counsel for appellant is that the decision of this court on the former appeal must control on the second trial, and that on the former appeal it was held that the question of sufficiency of the description of the mortgaged personal property was for the jury. We think this is not the proper interpretation to be put on the former opinion. The first division of that opinion relates to the error of the trial court in instructing the

jury that they should, under certain circumstances, render a verdict for plaintiff for forty-two head of animals, although under the evidence they might have found that the description was sufficient as to forty-one head, and not as to the remaining animal. The second division of the opinion relates to the error of the trial court in instructing the jury that they might reject the portion of the description relating to the brand, and, if they found the balance of the description to be sufficient, might return a verdict for plaintiff. It is said in the opinion that such instruction was erroneous in allowing "the jury to entirely reject certain portions of the description and resort to other parts, and from those not rejected find the mortgage sufficient without reference to the misdescription." It is to be borne in mind that the former appeal was from an order of the lower court granting a new trial, and we held that the errors pointed out committed on the trial of the case warranted the granting of a new trial, and affirmed the order. We did not have before us on that appeal, and had no occasion to consider, the question whether, under the evidence, an instruction to direct a verdict for defendant should have been given. It is, however, said at the end of the first division of the opinion that the mortgage was not constructive notice as to one of the steers not branded, nor as to another which was branded with an O on the right hip, and not with a U on the right shoulder. We are not concluded on this appeal with reference to whether the description of the other forty-one steers was sufficient.

The question we have now for determination is whether as matter of law the forty-one head of one year old steers of various colors, purchased by the defendant Brown, bearing the brand ∩ on the left side, were covered by the following description in the chattel mortgage, which is conceded to have been duly recorded in the county of Dakota and state of Nebraska, where the mortgagor and mortgagee then resided: "One hundred (100) head of one year old steers, * * * of various colors, and branded U thus on left side. * * * All of said * * * cattle * * * are owned

by said party of the first part, and are * * * in the undis-
puted possession of said party of the first part, on the prem-
ises of said party, on Sec. No. 7 in Tp. No. 27, Range No.
7 in Dakota county, Nebraska." The evidence tends to show
that the forty-one animals to which the controversy in this
case relates were part of one hundred head owned by and in
possession of the mortgagor in Dakota county at the time the
mortgage was executed, and that he had at that time only one
hundred one year old steers; but it is to be noticed that the
description does not indicate that the one hundred steers
covered by the mortgage are the only animals of that descrip-
tion which he owned at the time. It further appears without
question in the evidence that the animals were not branded
as described in the mortgage at the time when the mortgage
was executed, and that they were subsequently branded by
the agent of the mortgagee on delivering them to the
mortgagor.

Under these circumstances we are of the opinion that
the contention of the plaintiff that under the conceded facts
it should have been left to the jury to say whether, as a
whole, the descriptoin was sufficient to put a subsequent pur-
chaser without actual notice upon inquiry, is not well
founded. Counsel argue that there were eight elements in
the description, seven of which were accurate and correct,
and only one erroneous, and that it was for the jury to say
whether the whole description was vitiated by the error as
to this one item. But the other elements of the description
were number, age, sex, ownership, possession, place, name of
party from whom purchased. These elements do not all ap-
pear in the description which we have above quoted, but it
may be conceded that they are indicated by the language of
the entire mortgage. Now, as to these elements, we may reas-
onably say that none of them were distinctive as pointing out
the very animals intended to be mortgaged. Plaintiff is not
claiming a lien on a certain herd consisting of one hundred
animals, but upon certain specific animals claimed to have
been included among those mortgaged. The age and sex

would be of slight assistance in identifying particular animals, and ownership, possession, place, and party from whom purchased would furnish a very uncertain guide in enabling a subsequent purchaser seeking to determine whether the animals in question were covered by some chattel mortgage recorded at a distant place. The brand was an essentially important part of the description, and was so treated by the parties. The purchaser might well be required to ascertain at his peril whether the animals had been branded as described at the time the mortgage was executed, but he ought certainly to be justified in relying upon the fact, which he would have ascertained upon inquiry, that these animals were not branded, when in the possession of the mortgagor, with such a brand as is called for by the mortgage, but with a different brand. The description in the mortgage was not simply indefinite or uncertain as to the brand, but it was positively misleading. When the purchaser ascertained—as it may be assumed he did ascertain—that the animals purchased bore a wholly different brand while in the mortgagor's possession than that described in the mortgage, he was justified in assuming that they were not the animals covered by the mortgage. Under these circumstances the mortgage was not constructive notice to the purchaser as to these animals, and the trial court was warranted in instructing the jury to return a verdict for defendants. *Ivins v. Hines,* 45 Iowa, 73; *Iowa Savings Bank v. Dunning,* 37 Neb. 322 (55 N. W. Rep. 1079.)

The judgment of the lower court is therefore AFFIRMED.