COMMERCIAL SAVINGS BANK, Appellant, v. BROOKLYN LUMBER & GRAIN COMPANY et al., Appellees.

CHATTEL MORTGAGES: Lien and Priority—Notice—Want of
1  Notice—Evidence—Sufficiency. That an execution creditor did not, prior to his levy, have *actual* notice of the existence of a chattel mortgage, is sufficiently shown, in the first instance, by testimony to that effect by such creditor's general manager.

**CHATTEL MORTGAGES: Lien and Priority—Description of Property—Sufficiency to Impart Notice.** Constructive notice of the existence of a chattel mortgage, duly recorded, is not imparted to the world by a property description which may be applied to *any of a class, without anything. to single out the particular property in question from other property of the same class.*

PRINCIPLE APPLIED: The property covered by a chattel mortgage was described as:

"One Regal Under-slung Model 'N' roadster automobile. Now in the possession of the mortgagor and usually kept at his place of business in Brooklyn, Iowa, and owned by the mortgagor."

The "model" should have been designated as "M" instead of "N."

The mortgagor resided and was doing business at Brooklyn, and the mortgage was promptly recorded in the county in which Brooklyn was situated. While the car, prior to the execution of the mortgage, had been kept and used by the mortgagor at his place of business in Brooklyn, yet, when the mortgage was executed, the car was, and for some four months had been, in a garage at Marshalltown for repairs, and it remained there for some five months *after* the mortgage was executed, when it was levied on by an execution creditor of the mortgagor, which creditor had no actual notice of said mortgage. Held that, irrespective of the error in designating the model as "N," the description simply designated a *general* class, with nothing to point out which one of such class was intended, and therefore, and in view of the nonpossession of the car by the mortgagor, the mortgage imparted no constructive notice to the execution creditor.

**CHATTEL MORTGAGES: Lien and Priority—Description of Property—Incorrect Statement—Effect.** A clause in a chattel mortgage which, if true, would aid in the description of the property, but which is in fact untrue, cannot be said to furnish any aid in ascertaining the particular property covered by the mortgage. So held as to an incorrect statement as to the possession by the mortgagor.

**CHATTEL MORTGAGES: Lien and Priority—Description of Property—Parol Evidence to Aid—Competency.** Parol testimony concerning inquiries not suggested by a chattel mortgage is incompetent. .

*Appeal from Poweshiek District Court.*—K. E. WILLCOCKSON, Judge.

MONDAY, JANUARY 15, 1917.

SUIT to foreclose a chattel mortgage resulted in the dismissal of the petition. Plaintiff appeals.—*Affirmed.*

*Henry Negus,* for appellant.

*U. M. Reed,* for appellees.

LADD, J.—In June, 1913, B. R. Stiles moved to Brooklyn, and there engaged in the garage and automobile business. He purchased a Model M Regal Underslung automobile, September 5, 1913, using it in demonstrating for a while, and started to South Dakota October 5th. He did some livery business on the way back to replenish his funds, and, having broken the car a short distance from Marshalltown, drove to a garage there and left it for repairs, in the latter part of November. On February 6, 1914, he executed a chattel mortgage to the plaintiff securing an indebtedness to it of $500, less a payment of $92.75, describing the vehicle as:

"One Regal Underslung Model 'N' roadster automobile. Now in the possession of the mortgagor, and usually kept at his place of business in Brooklyn, Iowa, and owned by the mortgagor."

This instrument was duly recorded in Poweshiek County (in which Brooklyn is located) the day after its execution. The Brooklyn Lumber & Grain Company recovered judgment against Stiles for $160.25 in the superior court of Grinnell, April 21, 1914, caused a transcript thereof to be filed with the clerk of the district court of Poweshiek County, and an execution to issue to the sheriff of Marshall County, which was levied on said automobile in July of the same year, in the garage in Marshalltown where left by Stiles, as "One Model (M) Regal Roadster, Motor No. 6826, car No. 6599, stored in the W. H. Emery garage, Marshalltown, Iowa." The parties stipulated that the automobile be sold by the sheriff, and that storage and expenses of sale be deducted from the proceeds, and the balance be deposited in the Poweshiek County Savings Bank to abide the outcome of this litigation. This

was done, and $241.75 was realized and deposited in pursuance of this stipulation. The only issue is whether, under the facts as recited, the Brooklyn Lumber & Grain Company was charged by the record with constructive notice of the existence of the mortgage.

I. The manager of the lumber company testified that he had no knowledge of the existence of the mortgage. This sufficiently proved want of actual notice thereof. *Des Moines Savings Bank v. Arthur,* 163 Iowa 205.

1. CHATTEL MORT-
GAGES: lien and
priority: notice:
want of notice:
evidence: in-
sufficiency.

II. The description of the automobile was defective. To say that it was a roadster, or of a particular make,—as "underslung,"—or of a designated model, would aid in identification no more than the color of a horse, or its age or weight; for presumably there are more than one of the kind described. Moreover, the model appears to have been stated as "N" in the mortgage, whereas it was "M" when levied on. That such a description is insufficient for the purposes of identification appears from *Barrett v. Fisch,* 76 Iowa 553, where merely the color and age of the horse were stated; *Ormsby v. Nolan,* 69 Iowa 130, where a buggy was described as open, with fills, new, made and bought of Taylor, of a place named; *Gilchrist v. McGhee,* 98 Iowa 508, where the description was, "one pair of wagon scales in Waterville, Iowa." See also *Packers Nat. Bank v. Chicago, M. & St. P. R. Co.,* 122 Iowa 503; *Des Moines Nat. Bank v. Council Bluffs Sav. Bank,* 150 Fed. 301.

2. CHATTEL MORT-
GAGES: lien and
priority: de-
scription of
property: insuf-
ficiency to im-
part notice.

A description that may be applied to any of a class, without anything indicated to single it out from such class, is uniformly held to be insufficient for the purpose of identification in a chattel mortgage. The number of the car, or possibly the number and kind of motor therein, might have been enough to do this. So too, if, in addition thereto, other facts or circumstances had been inserted, as that the article, vehicle or animal was the only one, or was one of several

owned by or in the possession of the mortgagor at a place named, which, with inquiry, would enable anyone to ascertain what was intended, the description must have been upheld as sufficient.  *Shellhammer v. Jones,* 87 Iowa 520; *King v. Howell,* 94 Iowa 208.

Had the car been in the possession of the mortgagor, and usually kept as stated in the mortgage, the clause so stating might have saved the instrument; for reasonable inquiry must have discovered the automobile intended.  But it was not then in his possession, nor had it been for four months previous to the execution of the mortgage.  Nor can it be said to have usually been kept at his place of business.  Neither the statement concerning possession nor where usually kept furnished a clue for the identification of the vehicle.  Of course, by possession is not meant that it must have always been in his manual control, nor must it have been always at his place of business.  All essential was that it be in possession and keeping as automobiles are ordinarily kept and possessed.  As said, the vehicle had been out of the mortgagor's actual possession and keeping in the sense the words were employed in the mortgage for more than four months, and the clause with reference thereto cannot be said to have furnished any aid to ascertaining the particular automobile pledged.  The testimony that it was the only automobile the mortgagor owned was incompetent, because not an inquiry suggested by the mortgage.  *Ormsby Bros. v. Nolan,* 69 Iowa 130.

3. CHATTEL MORT-
GAGES: lien and
priority: de-
scription of
property: incor-
rect statement:
effect.

4. CHATTEL MORT-
GAGES: lien and
priority: de-
scription of
property: parol
evidence to aid:
competency.

We are of opinion that the trial court rightly dismissed the petition and awarded the balance in the hands of the bank to the lumber company.—*Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.