## KAASE vs JOHNSTON.

Opinion delivered October 19, 1904.

1. *Chattel Mortgages—Description of Property—Sufficiency of.*

A description of property in a mortgage sufficient to put third persons on inquiry, from which inquiry they can ascertain what the property is which is attempted to be described in the mortgage, is sufficiently specific.

2. *Chattel Mortgages—Sufficiency of Description as Against Attaching Creditor.*

Where a mortgage of cattle described same as 279 head of cattle con-

sisting of 160 head of cows of various colors from 5 to 9 years old; 85 head of yearling steers and heifers; 30 head of steers, 2 and 3 years old; 100 sucking calves, various colors; 4 Durham bulls, 3 or 4 years old; and all increase of same, and gives the residence and occupation of mortgagors, *Held*, that the description was sufficient to put one on inquiry, especially a person about to attach such cattle as the property of one of the mortgagors, and the mortgage lien is good as against the attachment.

Appeal from the United States Court for the Western District.

CHAS. W. RAYMOND, Judge.

Action by Willard Johnston against Henry Kaase. Judgment for plaintiff. Defendant appeals. Affirmed.

Action of replevin by Willard Johnston, as plaintiff, cashier of the First National Bank of Shawnee, Okl. Ter., against defendant, Henry Kaase, Deputy United States Marshal, Northern District, Ind. Ter. The amended complaint avers that the plaintiff is the owner of, and has a special interest in, and is entitled to the immediate possession of, 397 head of cattle (describing the cattle); that his interest in said cattle, his ownership thereof, and right of possession thereto arose by reason that on July 11, 1901, L. H. Adair and Ina Oldham were the owners of said cattle, and on that day executed to plaintiff, as cashier, their chattel mortgage on said cattle (attaching a copy of said mortgage as Exhibit A); that said mortgage was executed to secure payment of one promissory note of that date by said L. H. Adair and Ina Oldham, and J. L. Adair for the sum of $4,576.60 to said plaintiff as cashier, due four months after date (attaching a copy of said note as Exhibit B); that said chattel mortgage was duly filed, as provided by law, in the office of the clerk of the District Court in the Northern District of Indian Territory, on

July 18, 1901; that no part of said note has been paid; that said mortgage, among other things, contained the following provisions: "That in case of any attempt to dispose or attempt to remove from the Creek Nation, in said Indian Territory, the property therein described, or any unreasonable depreciation in the value, or if from any cause the security should become inadequate, or at any time the mortgagee should deem himself insecure, he or his agent might take immediate possession of the cattle described therein." Plaintiff further alleges that there has been an unreasonable depreciation in the value of said cattle, and has good reason to believe and does believe himself insecure; that said cattle have been levied upon by said defendant, being an acting deputy marshal of said district, under and by virtue of a writ of attachment issued out of said court in an action therein pending, wherein one Schaaf & Co. were plaintiffs and said L. H. Adair was defendant; and prays judgment for the recovery of said cattle, or for their value, and for damages in the sum of $1,000. Defendant answered, and denied plaintiffs' special interest in the cattle; denied that the defendant was in possession of said cattle without right; required strict proof of the mortgage; denied that it was duly filed as provided by law and is now in full force and effect; denied that there has been any unreasonable depreciation in the value of said cattle; admits it was lawfully levied upon by defendant, acting as deputy marshal, under and by virtue of a writ of attachment mentioned in said complaint. For further defense states that he is a deputy marshal under the United States marshal for the then Northern District, and now the Western District, of Indian Territory; that he levied upon the cattle mentioned in the complaint under and by virtue of a writ of attachment issued out of the United States Court, and placed in the hands of the marshal of said court, in a suit of Schaaf & Co., plaintiffs, and L. H. Adair, defendant; which said writ of attachment was duly and lawfully levied upon said cattle, and a return made to said court to that effect. Said cause was

tried to a jury, the issues found in favor of plaintiff, the value of the cattle to be recovered being fixed at $4,662. Motion for a new trial was interposed, and overruled by the court, and judgment entered upon the verdict, and the case now stands in this court upon appeal.

N. A. Gibson, Lafayette Walker, and W. T. Hutchings, for appellant.

B. B. Blakeney, W. N. Maben, J. H. Maxey, Jr., Stuart & Gordon, J. H. Wood, and Crump & Crump, for appellee.

GILL, J. Appellant says in his brief as follows: "Though a number of errors of the court are assigned by appellant, as a matter of fact the whole case turns on one proposition, which is, was the mortgage from Adair and Oldham to Johnston sufficiently definite in its description and location of the cattle as to identify them, and place third parties on notice?" The evidence of plaintiff in the trial of the case at the outset is the offer of the mortgage mentioned in the complaint, being Exhibit A. At the time the mortgage was offered in evidence the defendant objected thereto, the objection was overruled, and the defendant excepted. One of the objections to the introduction of the mortgage was on the ground that the description of the property purporting to be conveyed by defendant is too indefinite and uncertain to make said mortgage a basis of recovery in this action. If this mortgage was properly in evidence, there is no doubt, from the review of such evidence, that plaintiff was entitled to recovery, and the whole case hinges upon the one question as to whether or not the mortgage was sufficiently definite in its description and location of the cattle as to identify them and place third parties, such as the defendant, upon notice. The mortgage is as follows:

"This mortgage made on the 11th day of July, A. D. 1901, by L. H. Adair and Ina Oldham, of the Creek Nation, Indian

Territory, by occupation farmers, mortgagor, to Willard Johnston Cashier of Pottawatomie County, Oklahoma Territory, by occupation, Banker, mortgagee.

"Witnesseth: That this mortgagor mortgages to the mortgagee, the following described property, to-wit: 279 head of cattle, described as follows: 160 head of cows, various colors, and from 5 to 9 years old; 85 head yearling steers and heifers; 30 head of steers, 2 and 3 years old, various colors; 100 head of sucking calves, various colors; 4 Durham Bulls, 3 and 4 years old, and all increase of said cattle, as security for the payment to them of Forty-five Hundred, Seventy-six and 60-100 Dollars, on the 11th day of November, A. D. 1901, with interest at the rate of ten per cent. per annum, according to the tenor of one said promissory note, for the sum of Forty-five Hundred, Seventy-six and 60-100 Dollars, dated July 11th, 1901, due November 11, 1901.

"And said mortgagor does solemnly declare, and represent unto said mortgagee, that he is lawfully possessed of said goods and chattels in his own right, and that the same are free and clear from any and all incumbrances for the purpose of obtaining the above named sum of money.

"And the said mortgagor does hereby covenant and agree to and with the said mortgagee, that in case of default made in the payment of the above mentioned promissory note, or in case of any attempt to dispose of or attempt to remove from said Creek Nation the aforesaid goods and chattels, or any part thereof, or any unreasonable depreciation in value, or if from any other cause the security shall become inadequate or at any time the mortgagee, their heirs, or assigns, shall deem themselves insecure, they or their agents may take immediate possession of the above described goods and chattels, possession of these

presents being their sufficient authority therefor, and may sell the same at public sale within ten days' notice. And that after satisfying the aforesaid debt and interest thereon, together with all reasonable and necessary costs, charges and expense incurred in taking, keeping and selling said property, together with statutory attorney's fees, they shall pay the money remaining to the mortgagor on demand, and if from any cause, said property shall fail to satisfy said debt, interest and costs aforesaid, said mortgagor agrees to pay the deficiency.

"In witness whereof, the said mortgagor has hereunto set his hand the day and year first above written.

L. H. ADAIR.
"INA OLDHAM."

"Signed in the presence of:
"JESSE McDERMOTT.
"JAMES CRAWFORD."

Appellant cites numerous authorities to sustain his contention that this mortgage is so indefinite in its description and location of these cattle as to be no notice to third parties. In the domain of law there is no subject so difficult to reduce to some general principle as cases involving chattel mortgages and pledges of personal property. Each case has some particular matter connected with it that is in no other case, and decisions may be found pro and con, which leave the mind at times uncertain as to how the particular case at hand should be settled. It is an easy matter, comparatively, to decide as between a mortgagor and a mortgagee. It is very difficult to decide the same case when the rights of third parties have attached to the property involved. In the case at bar the defendant is an officer having levied an attachment upon this property in a suit against one of plaintiff's grantors, and has no personal interest whatever

(7)

in the outcome of the suit.    If the judgment has fixed a lien upon this property in favor of the plaintiff in this outside action, then it must be because of some failure on the part of the present plaintiff to have secured himself properly on the property involved in this suit.    Has he so failed?    Mr. Cobbey, in his work on Chattel Mortgages, vol. 1, has collected in chapter 12 numerous decisions concerning what is the necessary description of the thing mortgaged.    He lays down as a general rule that:    "Any description which will enable third persons to identify the property, aided by inquiries which the mortgage itself indicates and directs, is sufficient;" and a second rule that any description which can be made certain by such inquiries is good.    In other words, we may say that, if the description in a chattel mortgage is sufficient to put third persons on inquiry, from which inquiry they can ascertain what the property is which is attempted to be described in the mortgage, such description would be sufficient; and the authorities generally seem to bear out these two rules, and the reasons for them seem obvious.    In the present case the mortgage recites where the mortgagors reside and where the mortgagee resides, and describes 279 head of cattle as 160 head of cows, of various colors, from 5 to 9 years old; 85 head of yearling steers and heifers; 30 head of steers, 2 and 3 years old; 100 sucking calves, various colors; 4 Durham bulls, 3 or 4 years old; and all increase of said cattle.    This mortgage was recorded at Muscogee, the place it should have been recorded in case the cattle were in the Creek Nation; and while it fails to say in terms that the cattle are in the Creek Nation, many of the cases have held descriptions of this kind as being sufficient.    The mortgagors live in the Creek Nation, and describe themselves as residents thereof, with their occupations in the mortgage.    They mortgage cattle to a bank of Oklahoma, and file their mortgage for record in the Creek Nation at the proper place.    This at once would put any one calling to purchase said cattle or attach the same upon inquiry, especially

if such person were about to attach such cattle as the property of one of the mortgagors in the Creek Nation, which is the case here. Inquiry would at once have shown that this property sought to be attached was the property embraced in the mortgage on file, and would have further shown that nearly all of the property described was the separate property of the girl Oldham.

We are convinced that the description is sufficient, and that it comes within the two general rules above mentioned, and, this being practically the only question involved, and no point being especially raised as to other matters, we must affirm the judgment of the court below.

TOWNSEND and CLAYTON, JJ., concur.