8991

LIVINGSTON *ET AL.* v. SEABOARD AIR LINE RY. *ET AL.*

(84 S. E. 303.)

STATUTES.  CHATTEL MORTGAGE OF CROPS.  WORDS AND PHRASES.

1. STATUTES—MORTGAGE OF CROPS.—The words "described" and "mentioned" used in Civil Code 1912, sec. 4106, are not synonyms; and where a mortgage on crops mentions by reference the lands whereon the crops are to be raised without describing such lands, the mortgage is not void as in violation of said statute.

2. WORDS AND PHRASES.—Land is "described" when its metes, bounds and location are given.

3. WORDS AND PHRASES.—Land is "mentioned" when it is spoken of briefly or cursorily referred to.

4. CHATTEL MORTGAGES — CROP MORTGAGES — VALIDITY — "DESCRIBED" — "MENTIONED."—Civ. Code 1912, sec. 4106, provides that no crop mortgage shall be effective unless the land whereon the crops are to be raised shall be described or mentioned in the mortgage, which, when so taken, and indexed, etc., shall constitute a lien. A crop mortgage recited that it covered all cotton and cotton seed grown and cultivated during the year 1911 upon land belonging to L., as well as 60 acres planted in corn. *Held* that, as all parts of a statute are to be given effect, the word "described," which means to give the metes and bounds of land, cannot be construed as synonymous with "mentioned," which means spoken of briefly, and hence, though the mortgage did not give the metes and bounds of the mortgagor's land it was valid.

Before BOWMAN, J., Orangeburg, June, 1914.   Reversed.

Action for claim and delivery of four bales of cotton, bought by D. S. Livingston and J. P. Robinson, doing business under the firm name of Livingston & Robinson, plaintiffs, against Seaboard Air Line Railway, a corporation duly organized by law and doing business in this State, William L. Whetstone and Lizzie E. Amaker, defendants.

From judgment for defendants, plaintiff appeals.

The facts are stated in the opinion.

FOOTNOTE.—See note on descriptions in mortgage of future crops in 23 L. R. A. 458 to 460; see also, *post,* 443.

*Mr. P. T. Hilderbrand,* for appelant, cites: Civil Code, 1902, sec. 3005; Civil Code, 1912, sec. 4106; 20 S. C. 383; 87 S. C. 540; 1 Cobbey Chattel Mtges., pp. 161, 166, 168, ·173, 188; 6 Cyc. 1022, 1024, 1032, 1033; 80 S. C. 391; *Ib.* 368; 31 S. C. 142; 9 S. C. 780; 77 S. C. 420; 58 S. E. 1; 79 S. C. 386; 77 S. C. 426.     ·

*Messrs. Raysor & Summers,* for Wm. L. Whetstone, respondent, cite: Civil Code, 1912, secs. 401, 4106, 4103; 5 A. & E. Enc. of L. 958, 959, 960; 94 Iowa 280; 54 Ark. 91; 48 Minn. 404; 113 N. C. 142; 6 Cyc. 1022-1025, 1033-1034; 94 S. C. 141; 75 S. C. 229; 51 Ark. 218; 16 Fed. 206; 55 Ga. 543; 58 Ga. 391.

*Messrs. Moss & Lide* and *Lyles & Lyles,* for Seaboard Air Line Railway, respondent.

February 10, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is a proceeding in claim and delivery to recover four bales of cotton sold by the defendant, Mrs. Lizzie Amaker, to the defendant, William L. Whetstone, and delivered to the defendant railroad company for shipment. Two bales were seized and two bales were not.

The plaintiffs claimed the cotton under a crop mortgage of "all cotton and cotton seed grown and cultivated during the year 1911 and 60 acres planted in cotton and all corn, fodder, peas, hay, etc., grown during 1911 on acres planted in corn. All of above lands belonging to said Lizzie E. Amaker." The defendant, Mrs. Amaker, did not answer. The other defendants denied the existence of the mortgage, and set up a counterclaim for the two bales seized or seventy-five dollars, the value thereof.

On the trial the defendants objected to the introduction of the mortgage in evidence, on the ground that the mort-

gage was void for indefiniteness of description, and set up the statute, which is as follows:

Code of Laws of South Carolina, vol. I, sec. 4106: "No mortgage of any crop or crops shall be good and effective to convey to the mortgagee any interest in any crop or crops, other than the crop or crops to be raised during the year in which said mortgage is given, and unless the land whereon said crop or crops are to be raised shall be *described* or *mentioned* in said mortgage, which said mortgage, when so taken, when indexed or recorded, as required by law, shall constitute a lien on. the crops therein described, in preference to all subsequent mortgages on said crop or crops."

The defendant took the position that the land was not described in this mortgage, and it was, therefore, void; that the words "described" and "mentioned" are synonymous terms; that the description was insufficient and the mortgage void. The presiding Judge sustained the position, held the mortgage void, and refused to allow its introduction in evidence. The plaintiffs had no other claim to the cotton and his Honor practically directed a verdict for the defendants for the cotton, though he allowed the jury to fix the value of the two bales seized. This value the jury fixed at seventy-five dollars. For this sum judgment was entered in favor of the defendants against the plaintiffs and the plaintiffs appealed.

There are ten exceptions, but they raise only one question, to wit: Is the mortgage void for want of description?

The rule of construction of statutes is to give effect to every part. It is not to be assumed that the legislature used two words to express one idea, when one word is sufficient. Very few words are exactly synonymous. The words "described" and "mentioned" are not synonymous. Land is "described" when its metes and bounds and location are given. It is "mentioned" when it is spoken of briefly or cursorily; spoken of, referred to. (Century Dictionary.)

It is clear that the land was "mentioned" and the mortgage is not void under the statute, and his Honor erred in so holding.

This is a stronger case than the case of *Brown* v. *Hughes*, 94 S. C. 140, 77 S. E. 704.

The judgment is reversed and the case remanded for a new trial.

Mr. Justice Hydrick, being disqualified, did not sit in this case.