## 9062

### E. W. KIMBRELL v. MILLS & YOUNG CO.

(84 S. E. 996.)

MORTGAGES OF CROPS. RECORDING. NOTICE. SUBSEQUENT PURCHASERS WITHOUT NOTICE. APPEAL AND ERROR.

1. APPEAL AND ERROR—REVIEW—LAW CASES.—Findings of fact by the Circuit Court in a law case on appeal from a magistrate are not reviewable in the Supreme Court on appeal.

2. MORTGAGES OF CROPS — DESCRIPTION — RECORDING — NOTICE. — Code, sec. 4106, requires a mortgage of crops to describe or mention the lands whereon the crops are to be raised, in order that the record may constitute notice to subsequent purchasers for value.

3. CHATTEL MORTGAGES—DESCRIPTION—RECORDING—NOTICE.—A reference to "my crops" in a mortgage is not a compliance with the provisions of Civil Code, sec. 4106, requiring the lands whereon the crops are to be raised to be described or mentioned.

4. CHATTEL MORTGAGES—MORTGAGE ON CROPS—RIGHT OF PURCHASER WITHOUT NOTICE—STATUTE.—Under Civ. Code 1912, sec. 4106, providing that no mortgage on any crop or crops shall be good and effective to convey to the mortgagee any interest therein, unless the land whereon such crops are to be raised shall be described or mentioned in said mortgage, which said mortgage, when so taken and indexed or recorded as required by law, shall constitute a lien upon the crops therein described in preference to all subsequent mortgages, where a third person executed to plaintiff a chattel mortgage ,upon "all my crops of cotton, etc., and all other crops of whatever character now planted and to be planted by me during the year 1913," which was duly recorded previous to any sale of such crops by the mortgagor, such mortgage had no efficacy to give plaintiff title

29—100

as against a purchaser in good faith and for value, since the land was not described or mentioned in the mortgage, while the evident purpose of the statute was to require its identification with reasonable certainty.

Before MOORE, J., Yorkville, Summer term, 1914. Affirmed.

Action by E. W. Kimbrell Company against Mills & Young Company. From a judgment in favor of defendant by the Circuit Court on appeal from a magistrate's Court. The facts are stated in the judgment of the Circuit Court, as follows:

On March 13, 1913, to secure the payment of his note, "for value received," in the sum of $450, to plaintiff, made payable, due November 1, 1913, bearing interest after maturity at 8 per cent. per annum, payable annually, as well as "any other debt which I may now owe or may hereafter contract with the said E. W. Kimbrell Company," one J. O. Hall executed and delivered to plaintiff a chattel mortgage upon "all my crops of cotton, cotton seed, corn, hay, oats and all other crops of whatever character now planted and to be planted by me during the year 1913." The note is dated at Fort Mill, S. C., and the mortgage recites that J. O. Hall is "of the county of Lancaster, State of South Carolina," and contracts to deliver said crops at "Fort Mill, S. C.," at the maturity of the debt. On June 10, 1913, to secure the payment of his note "for value received" in the sum of $75, to the plaintiff made payable, due November 1, 1913, bearing interest after maturity at eight per cent. per annum, payable annually, as well as "any other debt which I may owe or may hereafter contract with the said E. W. Kimbrell Company," the said J. O. Hall executed and delivered to plaintiff his certain other chattel

FOOTNOTE.—As to sufficiency of the description in mortgages of crops, see *Livingston* v. *S. A. L. Ry., ante,* and note 23 L. R. A. 458 to 460.

mortgage upon "all my crops of cotton, cotton seed, corn, hay, wheat and all other crops of whatsoever character now planted and to be planted by me during the year 1913." This note is likewise dated at "Fort Mill, S. C.," and the mortgage recites that the mortgagor is "of the county of Lancaster, State of South Carolina," and contracts to deliver said crops "at Fort Mill, S. C.," at the maturity of the debt. The first chattel mortgage above mentioned was filed and indexed in R. M. C. office for Lancaster county, S. C., on March 14, 1913, and the second mortgage above mentioned was recorded in said R. M. C. office on June 17, 1913, as appears by official certificates endorsed on said mortgages.

After the maturity of these notes, about January, 1914, the defendant, Mills & Young Company, bought from the said J. O. Hall one bale of cotton and paid value for the same, which bale of cotton is the subject of this action. This bale of cotton was part of the crops planted in the said year 1913, upon the farm of the said J. O. Hall, in Lancaster county, S. C., the same being the only lands cultivated by the said J. O. Hall during the said year. Thereafter, the plaintiff brought this action in the Court of a magistrate for the recovery of the said bale of cotton as being a part of the crops covered by the said mortgages. Upon a first trial thereupon had, the judgment upon the verdict of the jury was for the defendant, but a new trial was granted by this Court upon a ground which has no relation to the question now presented. Upon a new trial then had in the Court of a magistrate, the verdict was in favor of the plaintiff for the retention of the said bale of cotton which had been taken under claim and delivery proceedings by the plaintiff and stored at Fort Mill, S. C., or for the sum of $52.14, the value thereof, in case a delivery could not be had.

A motion duly made by the defendant for a new trial was refused, and judgment was awarded by the magistrate in favor of the plaintiff upon the verdict so rendered. Thereupon the defendant appeals to this Court upon numerous

grounds set forth in the record.  It will only be necessary to consider, however, the several grounds which impute error to the magistrate in refusing to direct a verdict in favor of the defendant upon the ground that the evidence showed that the defendant was an innocent purchaser for value of the said cotton, without either actual or constructive notice of any mortgage lien by the plaintiff.

The evidence was clear, positive, and uncontradicted that the defendant purchased this cotton in open market for value and paid the purchase money for same, having no actual notice or knowledge of any mortgage held thereon by the plaintiff nor any notice or information to put the defendant upon inquiry as to any rights of the plaintiff therein.  Such being the facts, the title of the defendant to this property, as a *bona fide.* purchaser thereof, is a good title, unless the indexing and recording of the mortgages above mentioned operated as constructive notice to the defendant of the rights of the plaintiff.

By section 4106 of the Civil Code it is provided that "no mortgage of any crop or crops shall be good and effective to convey to the mortgagee any interest therein unless the land whereon said crop or crops are to be raised shall be described or mentioned in said mortgage, which said mortgage when so taken, when indexed or recorded as required by law, shall constitute a lien upon the crops therein described in preference to all subsequent mortgages on said crops."

The evident purpose of this statute, when construed in connection with the statutory provisions as to recording mortgages, is to render it necessary, in order to the validity of such mortgage as against subsequent purchasers or encumbrances, that the land on which the crops are to be grown shall be either "described" or "mentioned" in some manner as will serve to identify the same. In other words, so far as concerns the rights of subsequent purchasers without actual notice, the effect of this statute

is to render the record of any such mortgage of no force or effect, unless the land upon which such crops are to be grown is "described," or at least "mentioned," in such a way as will point it out with reasonable definiteness and certainty.

In the mortgages here under consideration there is not only no description of any land, but there is not even a mention of any land whatsoever. In each mortgage, the only language by way of description expresses an intention to pledge "all my crops of whatever character now planted or to be planted by me during the year 1913." The description of the crops would, no doubt, be sufficient if the land upon which the same was to be grown had been either described or mentioned, but nothing is either stated or indicated as to where or on what land such crops are planted or to be planted, and there is not even an intimation as to the location at which such crops may be grown. There would be no necessary inference even that the crops were to be grown in any particular county or State; and certainly the land where the same were planted or to be planted is neither mentioned or described. Neither mortgage contains any mention of, or reference to, any lands whatso-

3, 4    ever. Certainly the mere fact that the reference to "my crops" involves a suggestion that such crops are to be grown upon the lands fall short of a compliance with the requirement that the lands shall be described or mentioned, as otherwise such a requirement would be entirely futile and unavailing.

Even if it is conceded, then, that such a mortgage as is here under consideration could be held as good between the parties, it could only be so held in equity to effectuate the intention; but at law these mortgages must be held as insufficient under section 4106 of the Civil Code, so far as concerns the right of third parties not having actual notice or knowledge thereof. Being good only in equity, the record thereof could not operate as notice.

There is no case in this State which passes upon the question here presented as to the effect of this provision of section 4106 of the Civil Code; and, since the question arises upon the proper meaning and construction of this statute, practically no aid can be derived from the decisions of other States where no such statute is of force.

Clearly, however, the provisions of this section, when construed in connection with the recording statutes of this State, require the holding that no mortgage of future crops is valid against subsequent purchasers or encumbrances, unless the same shall be indexed or recorded and unless the lands upon which such crops are to be raised are either described or mentioned in the mortgage. Unless the express terms of this statute are to be abrogated by judicial legislation, it must be held that the record of a mortgage of future crops, which neither describes nor mentions the lands upon which the same are to be grown, is not constructive notice to subsequent *bona fide* purchasers for value without actual notice of such mortgage, and that the same is not good nor effective against such a purchaser. To hold otherwise would be to disregard the plain language of the enactment, which declares that "no mortgage shall be good and effective to convey to the mortgagee any interest in any crops unless the land whereon said crops are to be raised shall be described or mentioned in said mortgage."

In the case at bar no land whatever is described nor is any land whatsoever mentioned in the mortgage. It is true the mortgagee does declare that he thereby encumbers "all my crops" of certain kinds and also "all other crops now planted or to be planted by me during the year 1913." Manifestly, however, while there is involved in this declaration an implication that such crops are to be planted on lands of some description, no such lands are described or even mentioned. There is no necessary implication even that the unmentioned lands are to be found in any particu-

lar county or State, or that it was then known where such crops were to be planted. The crops are mentioned, but no lands are mentioned or described, either directly or by necessary intendment.

If it were held that the reference to "my crops" was sufficient without any description or mention of the lands upon which they were to be grown, such a holding would manifestly nullify the statutory requirement that the land must be described, or at least mentioned, or otherwise that no such mortgage shall be "good or effective to convey to the mortgagee any interest in such crops." The statutory provision does not say that the existence of the land may be inferred; but, on the contrary, the express requirement is that it must be described or mentioned. The evident purpose of the statute was to require such a description or mention of the lands upon which the crops were to be grown as would serve to identify the same with reasonable certainty. Failing of such description or mention of the lands, the positive provision of the statute is that no such mortgage shall be good or effective to convey to the mortgagee any interest in the crops sought to be mortgaged. Certainly, therefore, in the absence of such mention or description of the lands it must be held that, as against subsequent purchasers, "no such mortgage shall be good and effective," since that is the very requirement of the statute.

These conclusions necessitate the reversal of the judgment of the Court below, and it is accordingly ordered that the judgment of the Court of the magistrate be reversed and that the defendant have judgment against the plaintiff for the recovery of the bale of cotton in dispute, or of the sum of $52.14, the value thereof, in case a delivery cannot be had in kind, and for the costs and disbursements of this action; and that judgment be entered and execution issued accordingly.

The exceptions were as follows:

His Honor, the Circuit Judge, erred in holding that the defendant purchased this cotton without having any actual knowledge or notice of any mortgage held by the plaintiff nor any notice or information. to put defendant upon inquiry as to any rights of the plaintiff therein.

The error being, that the mortgages referred to as exhibits "A and A" were duly recorded in the office of the clerk of Court and register of mesne conveyances of Lancaster county in vol. A of chattel mortgages, and he should have held that this was sufficient notice to put the purchaser of the property on inquiry.

His Honor erred in holding that under section 4106 of the Civil Code that unless the property on which the crop or crops are grown shall be described, or mentioned, in the said mortgage and the said mortgage recorded, that in so far as the rights of subsequent purchasers are concerned it renders the record of any such mortgage of no force or effect.

The error being, that section 4106 only affects the rights as between the mortgagor and mortgagee, and it is a right personal to the mortgagee that if the description is not properly made he may ask that the mortgage be set aside, and should the mortgagee decide that the validity of the mortgage be not attacked then subsequent purchasers purchase this property at their peril and are not relieved from the necessity of making the necessary inquiry as to the standing between the parties.

His Honor erred in holding that the mere fact that the reference to "my crop" involves a suggestion that such crops are to be grown upon lands falls short of the compliance with the requirement that the lands shall be described or mentioned.

The error being, that any reference in the chattel mortgage to "my crops" would be some information to a purchaser that this party had lands upon which he was raising a crop, and should the purchaser inquire, as the law requires him to do, the information could then be secured.

His Honor erred in his construction of section 4106 when he held that said section requires that it shall describe or mention the land where said crop or crops are to be raised.

The error being, that section 4106 specially says "any mortgage of any crop or crops shall be good and effective to convey to the mortgagee any interest in any crop or crops *other than the crop or crops to be raised during the year in which said mortgage is given,* and unless the land whereon said crop or crops are to be raised shall be described or mentioned in said mortgage," etc.

The error being, that the testimony shows that the cotton purchased and mortgaged was the cotton raised during the year that the mortgage was given, and which in said section was not necessary that the land shall be described or mentioned in said mortgage.

*Messrs. Dunlap, Dunlap & Hollis,* for appellant, cite: Civil Code, sec. 4106. *"Mentioned" defined:* 5 Words and Phrases 4476. *Description sufficient to enable persons to identify the property:* 28 N. C. 362; 37 N. Y. 593; Smith, Chattel Mtges., p. 10; Equitable Mortgages, 45 S. C. 133; 51 Ga. 168; 74 Ga. 762. *Description:* 3 L. R. A. 795; 77 Ala. 283; 51 Ark. 410; 3 Dak. 148; 34 Ore. 87; 75 Am. St. Rep. 564; 20 Cyc. 481.

*Messrs. Spencer, Spencer & White* cite: *As to review of facts:* 87 S. C. 246. *Equitable mortgage not notice to purchasers:* 39 S. C. 77; 1 Strob. Eq. 393; 10 Rich. Eq. 149.

April 9, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The judgment of the Circuit Court is affirmed for the reasons therein assigned.