## 10477

MARTIN *ET AL.* v. PALMER *ET AL.*

(104 S. E. 308.)

1. VENDOR AND PURCHASER—PURCHASER NOT ENTITLED TO RELIEF AT LAW AFTER EXPIRATION OF TIME LIMIT.—Purchaser of land under contract, having allowed the time limit set forth in the contract for the payment of money to expire, has no right to relief at law.

2. ESTOPPEL—ONE OF TWO INNOCENT PERSONS AT FAULT MUST SUFFER. —When one of two innocent people must suffer loss, the loss must fall on him whose conduct produced the loss.

3. EVIDENCE—COURT KNOWS THAT MONEY IS DECREASING IN VALUE.— The Court knows that it takes more money to buy almost anything now than in former times, and that land is increasing in value.

4. SPECIFIC PERFORMANCE—ENFORCEMENT OF CONTRACT TO SELL LAND REFUSED.—Specific performance of a contract to convey land will not be decreed where plaintiffs failed to make payment within the time limit set forth in the contract, and defendants, as successors to the deceased vendor, had no knowledge of the contract, and the land was partitioned and the part involved allotted to a minor, and increased greatly in value, and the plaintiffs failed to assert their claim for 12 years, although the plaintiffs were ignorant and did not know the effect of what they did.

5. PLEADING—AMENDMENT ASKING REFORMATION CHANGED CAUSE OF ACTION, AND PROPERLY REFUSED.—Where action for specific performance was based upon contract of sale of land, Court properly refused to allow an amendment asking reformation of a deed, as such amendment would change the cause of action.

Before SHIPP, J., Florence, August, 1919.    Affirmed.

Action by Robert Martin *et al.* against Mary G. Palmer *et al.* for the specific performance of a contract to convey certain real estate. From judgment for defendants, the plaintiffs appeal.

*Messrs. John H. Clifton* and *Harmon D. Moise,* for appellants, cite. *Time is not of the essence of a contract unless it appears from the intention of the parties:* 30 Cyc. 713. *Mere delay insufficient to bar right; there must be some blameworthy or inexcusable neglect:* 18 A. & E. Enc. Law (2d Ed.) 97, 101. *Delay of little importance unless it*

2—S. C. ·116.

*prejudice defendant:* 30 Cyc. 729-30. *Particularly where vendee is in possession:* 25 R. C. L. 256; McMull. Eq. 126; 6 Rich. Eq. 323; 1 DeS. Eq. 486; 32 L. Ed. (U. S.) 728; 40 L. Ed. (U. S.) 383; 36 Cyc. 732. *Testimony showed Dr. Palmer a trustee or at least a mortgagee in regard to land:* 99 S. C. 31.

*Messrs. Willcox & Willcox* and *Henry E. Davis,* for respondents, cite: *Court may reject testimony whether objected to or not:* 70 S. C. 8. *When time is of the essence of a contract:* 104 Am. St. Rep. 265. *Where from actions of parties it is inferable that time was of the essence, equity will so regard it:* 91 S. C. 21; 53 S. C. 572; Bail. Eq. 371; 53 S. C. 572. *Circuit Judge without power to allow amendment stating new cause of action:* 49 S. C. 513; 82 S. C. 405; 111 S. C. 377. *Laches:* 3 Rich. Eq. 465; 43 S. C. 411; 62 S. C. 73; 72 S. C. 491; 106 S. C. 310; 111 S. C. 377.

August 5, 1920.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action for specific performance, and is based upon the following contracts:

"State of South Carolina. Know all men by these presents, that I, G. G. Palmer, am held and firmly bound unto Robert Martin in the sum of fifty dollars, to the payment of which I, the said G. G. Palmer, bind myself and my heirs, executors and administrators. The condition of the above obligation is such that

"Whereas, I, the said G. G. Palmer, have agreed to sell and convey to the said Robert Martin certain parcels of real estate in Florence county and State of South Carolina, to wit (two tracts, description omitted).

"Whereas, for such deed and conveyance it is agreed that the said Robert Martin shall pay the sum of eleven hundred

and ninety-three dollars on the first day of November, A. D. 1906, to be paid in cash: Now, therefore, if the said G. G. Palmer shall upon tender by the said Robert Martin of the said amount of eleven hundred and ninety-three dollars on or before the first day of November, 1906, and the said G. G. Palmer shall make to the said Robert Martin a deed to the said land as aforesaid, then this obligation shall be void and of none effect, otherwise to remain in full force and virtue. In witness whereof we have hereunto set our hands and seals the —— day of ——, 1905. (Signed) G. G.

Palmer. (L. S.) Robt. X Martin. (L. S.)" "In the pres-
his
mark
ence of (witness) Mary G. Palmer."

Dr. Palmer died in 1906, before the payment was due. George G. Palmer, Jr., in some way (not stated in the case) undertook the management of his father's estate. When Mr. Palmer took charge of his father's estate, 1906, he found a rent lien from Robert Martin, Sr., and an account for supplies on his father's books. These liens and accounts continued from year to year, until these proceedings were commenced in 1917, except a few years when the Martins ran share crops with Mr. George Palmer. George Palmer said he knew nothing of the contract to convey, and never heard of it until the papers in this case were served upon him, and that he treated the Martins as any other tenants on his father's lands.

Robert Martin, Sr., testified that Mr. George Palmer knew nothing of the agreement between himself and Dr. Palmer. It is true Robert Martin, Jr., testified that when he delivered the crop to Mr. George Palmer he told him it was to be credited on his father's land debt to Dr. Palmer, but Robert Martin, Jr., rented a part of the land from Mr. Palmer and also ran a share crop on the land with him. It will, therefore, be taken as a fact in the case that the Palmers never had any notice, actual or constructive, that the

Martins claimed any other right than those of mere renters and share croppers. This condition of affairs continued for 12 years. In the meantime, the Palmers had partition of Dr. Palmer's estate, and the lands involved in this case were set apart to Bascom M. Palmer, a son of Dr. Palmer, who was, at the time of the commencement of this action, a minor. For some reason, George Palmer, who was acting for his minor brother, Bascom, undertook to eject the Martins from the land, and this action was brought to enjoin the ejectment proceedings and for specific performance.

1. It is claimed that the Martins were ignorant and unlearned men, could neither read nor write, and, having confidence in the Palmers, signed any papers offered them for signature, without knowing their effect. Since the commencement of this action, George Palmer and Robert Martin have died. At law, the Martins, having allowed the time limit set forth in the contract to expire, have now no right to relief. In equity the rule is thus stated, in *Doar v. Gibbes and Mathews,* Bailey's Eq., p. 373:

"Time is not usually of the essence of a contract, so as to avoid it, in case the exact time be not complied with. But it may be, and is, of the essence, where the other party, or third persons may be seriously injured, or even exposed to injury.

Not only did the Martins not comply, or offer to comply, for 12 years, but they have not even asserted their claim within that time. No excuse has been offered for the delay.

It is said the Martins were ignorant and did not know the effect of what they did. It is also true that the Palmers did not know the fact or the claim of the Martins. The rule in equity is sure and just that when one of two innocent people must suffer loss, then the loss must fall upon him whose conduct produced the loss. The Martins' failure to speak for 12 years would produce serious loss to the Palmers. Conditions have changed. In the

meantime the estate of Dr. Palmer has been partitioned, and the land which is the subject of this suit allotted to Bascom W. Palmer, a minor. If it be said that the judgment in partition can be reopened for mutual mistake of the parties, there is nothing in this record to show that the minor can be saved harmless from loss. The partition proceedings will have to be gone all over again. Whose fault is it that the expense of another partition must be incurred? Manifestly the Martins are responsible for this loss. There is nothing in the record to show that the minor's former cotenants are now in a position to surrender a part of their lands to him. It may be said that, in case they have disposed of their lands, the Court can order a payment of money for equality of partition. The record is equally devoid of evidence that the former cotenants can now be made to respond to a money judgment; even if they can respond to a money judgment, the record suggests that money is not the equivalent of land. The record shows that these lands have increased in money value from $20 to $100 per acre, since the contract was made. In other words, it takes $5 now to buy as much land as $1 bought when the contract was made. Everybody knows, and so does the Court, that it takes more money to buy almost anything now than in former times. That means that money is decreasing in value. Land is increasing in value. The Court, therefore, is asked to take from a minor property that is increasing in value, and give him in return, property that is decreasing in value. The Courts of equity have always been loath to exchange the land of minors for money. Money is too easy to lose. Now add to that disadvantage the decreasing value of money and the loss to this minor by the delay is so great that no Court of equity should lend its aid to it. The loss to this minor and the other heirs of Dr. Palmer, if specific performance should be decreed, is manifest and is refused.

There are nine exceptions. Appellant in his argument reduces the questions to three. What has been said answers

two of them, or renders the subsidiary questions academic.

2. The third assignment of error refers to the refusal of Judge Shipp to allow an amendment to the complaint and a recommittal of the case to the master. To have allowed this amendment would have changed the cause of action. The cause of action alleged in the complaint was based upon the contract set forth therein. The amendment asked the reformation of the deed from Kershaw to Palmer, and this cannot be allowed.

The judgment appealed from is affirmed.