12517

BANK OF WILLISTON v. GAMBLE

(145 S. E., 627)

Mr. Jas. A. Kennedy, for appellant,

*Messrs. Thomas M. Boulware,* and *Brown & Bush,* for respondent,

November 7, 1928.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is a contest between the Bank of Williston and the receiver of the Home Bank of Barnwell over the proceeds of the sale of a lot of mules which were seized and sold by the receiver under a chattel mortgage, which proceeds are held under order of Court by the receiver to abide the result of this controversy.

The Home Bank held a chattel mortgage given by J. H. Hewlett in 1921, on 35 mules. It was included in a real estate mortgage, which was duly recorded as to both real and personal property.

The Bank of Williston held a chattel mortgage given by J. H. Hewlett and his wife, Anna L. Hewlett, in 1926, on 53 mules; it was also duly recorded.

The description in the mortgage of the Home Bank was after the description of four tracts of land covered by the same mortgage, as follows:

"Also the following property, to-wit, Fifty (50) head of cows, located on the above place, (200) head of hogs, (35) mules and (2) horses."

The mortgage held by the Bank of Williston listed the mules by number, name, age, color, and sex.

When the mortgage of the Bank of Williston fell due, the bank attempted to seize the mules under its mortgage; the

mortgagor refused to permit the seizure, and demanded that the bank proceed by claim and delivery proceedings. They were instituted the following day and papers served upon the mortgagor. On the following day the sheriff went around to the various farms owned by Hewlett to seize the mules, but found that they had been seized and taken away by an agent of the receiver of the Home Bank. Later 22 of the mules seized were sold by the receiver for $1,446.

The Bank of Williston then instituted the present proceeding for the proceeds of said sale and obtained an order of Court, dated February 28, 1927, enjoining and restraining the defendant from paying out, disposing of, or intermingling said sum of $1,446, with other assets of his trust.

The defendant served an answer putting in issue the claim of the plaintiff, and alleging that he had received only $805 from the sale, having still on hand ten of the mules unsold.

The case was referred to the master to take the testimony and report it. The trial was then had before his Honor, Judge Mauldin, who signed a decree in favor of the defendant, upon the ground that the mortgage of the Home Bank contained a sufficient description of the mules; he expressly refrained from deciding the contention of the defendant that the plaintiff had not shown that its mortgage covered the mules seized by the defendant. The plaintiff bank has appealed.

The case involves two main questions:

(1) Does the Home Bank mortgage contain such a sufficient description of the mules as to constitute notice to the Bank of Williston, a subsequent mortgagee for value, etc.?

(2) Has the Bank of Williston established the essential element in its claim that the mortgage which it holds covered the mules seized and sold by the defendant receiver?

As to the first question, we do not agree with his Honor, the circuit Judge, in his conclusion.

The mortgage of the Home Bank contains no description of the mules, except the number. It lacks a statement of color, sex, age, or location of them. Even if the

phrase "located on the above *place*" may be held to have applied to the hogs and mules as to the cows, it appears in the real estate mortgage which covers *four* places; it is impossible to say what place the description referred to. We think that the authorities cited by the appellant conclusively show that the description is insufficient to constitute notice to the Williston Bank.

As to the second question, the circuit Judge expressly refrained from passing upon it, as he considered that his conclusion as to the first question ended the case. It is impossible, if within our power, to pass upon the issue, an affirmative answer to which is essential to a judgment in favor of the plaintiff.

The judgment of this Court is that the judgment of the circuit Court be reversed, and that, as this is a law case, an action for conversion, the case must be remanded to the circuit Court for a new trial.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER, and CARTER concur.