12622

GARRIS v. COMMERCIAL CREDIT COMPANY *ET AL.*

(147 S. E., 601)

*Messrs. E. H. Henderson,* and *R. C. Hardwick,* for appellant,

*Messrs. Wolfe & Berry,* and *Benet, Shand & McGowan,* for respondents,

March 29, 1929.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by the plaintiff, C. W. Garris, as trustee in bankruptcy of C. A. Asendorf, bankrupt, against the defendants, Commercial Credit Company and J. A. Hartzog, was commenced in the Court of Common Pleas for Bamberg County, September 29, 1926, alleging that three automobiles were wrongfully taken and carried away by the defendant Commercial Credit Company to the damage of the plaintiff in the sum of $4,704, and the defendant Hartzog was made a party for the reason, as alleged in the complaint, that he claimed an interest in the automobiles in question. The defendant Commercial Credit Company, in its answer, alleged that it seized the three automobiles by virtue of trust receipts it held on them. The defendant Hartzog, in his answer, alleged that two of the automobiles in question were covered by a chattel mortgage held by him, and that he had been damaged by the impairment of the security; the amount of dam-

ages involved, as alleged by Hartzog, being the value of two automobiles covered by the chattel mortgage held by him.

The action came on for trial at the May, 1927, term of Court of Common Pleas for Bamberg County, before Hon. J. Henry Johnson, Circuit Judge, and a jury. At the conclusion of the testimony, all parties to the cause moved for a direction of a verdict. His Honor, Judge Johnson, refused the motion of the plaintiff and also of the defendant Hartzog, but granted the motion of the defendant Commercial Credit Company. From the entry of judgment on the verdict directed, the defendant Hartzog has appealed to this Court, imputing error as set forth under the several exceptions, to which we shall hereinafter advert. The plaintiff did not appeal.

The facts in the case pertinent to the questions involved in the appeal, briefly stated, are as follows:

C. A. Asendorf, a resident of the town of Denmark, County of Bamberg, was engaged in business at the said Town of Denmark, and also operated a place of business at the Town of Orangeburg, County of Orangeburg; the business at each of these places being conducted by C. A. Asendorf under the trade-name of Asendorf Motor Company, but controlled and owned solely by C. A. Asendorf. On the 16th day of February, 1926, a representative of the defendant Commercial Credit Company, seized and carried away from the said place of business of C. A. Asendorf, at Orangeburg, for the said Commercial Credit Company, the three automobiles named in the complaint, by virtue of certain trust receipts, which, under the laws of this State, are treated as chattel mortgages. It appears that these automobiles were received from the Knox-Gaines Motor Company of Columbia, S. C., and by agreement the Commercial Credit Company held the trust receipts, or chattel mortgages referred to above, and it was the contention of the representative of the Commercial Credit Company, who testified in the case, that he took possession of the automobiles for the

Commercial Credit Company, repossessed them for the company, as he stated, because Mr. Asendorf "had violated his trust agreement when he moved a car off of the floor." There are only two of the automobiles involved in this appeal, a four-cylinder Chrysler coach and a four-cylinder Chrysler touring car. The trust receipt covering the four-cylinder Chrysler coach was recorded in Orangeburg County, and the trust receipt covering the four-cylinder Chrysler touring car, if recorded at all, was recorded in the County of Richland. The trust receipt covering the four coach was dated December 12, 1925, and recorded in Orangeburg County December 24, 1925; and the trust receipt covering the touring car was dated January 7, 1926. The receipt, which is printed in the record, does not show when or where it was recorded, but on motion for direction of a verdict reference was made by counsel for Commercial Credit Company to the paper having been recorded in Richland County. At the time of seizing the four coach and touring car by the Commercial Credit Company, the representative of that company also seized a six-cylinder coach, but the defendant Hartzog made no claim to that car.

The note in the sum of $4,000 and chattel mortgage executed by C. A. Asendorf to the defendant, J. A. Hartzog, and held by J. A. Hartzog, under which he claims, are dated January 12, 1926, and the mortgage was recorded in the office of the Clerk of Court for Bamberg County, January 19, 1926. This mortgage covers certain machinery and "three new Chrysler automobiles at Denmark and Orangeburg, S. C." The evidence is that Mr. Asendorf at the time of the execution of this mortgage had three, and only three, new Chrysler automobiles at the place named, namely, a four-cylinder Chrysler coach, serial No. WR–666–H, motor No. 68581; a four-cylinder Chrysler touring car, serial No. WR–638–Y, Motor No. 73451; and a model 70 Chrysler roadster, serial No. WL–793–E, Motor No. G–104050. The last-named car, the roadster, and the tools and machinery covered

by the mortgage were taken into possession by Hartzog and sold, and the proceeds of the sale, $1,239.26, credited on the debt, leaving a balance owing thereon of $2,760.74. It further appears from the evidence that the two automobiles seized by the Commercial Credit Company and claimed by Hartzog had a value of $2,438, and it is the contention of Hartzog that he is entitled to judgment against the Commercial Credit Company for that sum. Mr. Asendorf was duly adjudicated a bankrupt February 26, 1926, and thereafter C. W. Garris was duly appointed trustee for said bankrupt.

As stated above, at the conclusion of the testimony, motions for direction of a verdict were made by all parties. The motion of the plaintiff and the motion of the defendant Hartzog were refused, and the motion of the defendant, Commercial Credit Company was granted, as against the plaintiff and against the defendant Hartzog. The plaintiff did not appeal, and the issue before this Court is between the Commercial Credit Company and Hartzog. His Honor, Judge Johnson, granted the motion of the Commercial Credit Company against Hartzog for direction of verdict upon the ground "of vague and indefinite description" of the property in question, and it is from this holding and ruling that the defendant Hartzog appeals, as well as from the refusal to direct a verdict for him against the Commercial Credit Company for the amount asked for, $2,438, the value of the two automobiles, seized by the Commercial Credit Company which Hartzog claimed under his chattel mortgage.

Section 5312, Vol. 3, of the Code of 1922, with amendments thereto, requires that chattel mortgage must be recorded in the county where the owner of the property contained in the mortgage resides. Since it is undisputed that Asendorf, the mortgagor, at the time he executed the chattel mortgages in question, the mortgage to Hartzog and the trust receipts to Commercial Credit Company, resided in the County of Bamberg, Bamberg County was the county where

the said papers should have been recorded. The Commercial Credit Company did not record its papers in Bamberg County, and the recording of the same in Orangeburg County or Richland County was not a compliance with the law and did not furnish the defendant Hartzog constructive notice; whereas the recording of the Hartzog paper in Bamberg County, which is an undisputed fact, was a compliance with the law. The fact that C. A. Asendorf was doing business under the trade-name of Asendorf Motor Company and the trust receipts were signed, "Asendorf Motor Company," by C. A. Asendorf, does not affect the legal status or requirement. The Asendorf Motor Company was not a corporation, was not a partnership, but simply a trade-name under which C. A. Asendorf was doing business, and he was in control of said business and was sole owner of the same. The residence of Asendorf was in Bamberg County, and therefore Bamberg County was the county in which the law required the papers in question to be recorded; and the fact that Asendorf had two places of business, one in Bamberg County and another in Orangeburg County, did not change his place of residence, and could not affect the requirement of the law as to where the papers should be recorded.

As to the description of the property covered by the Hartzog mortgage, in our opinion the same was sufficient to put third parties on notice, which, if followed up, would have disclosed the property intended to be covered by the mortgage, which is a sufficient compliance, as we understand the rule.

It is contended by the respondent that the decision by this Court in the recent case of *Bank of Williston v. Gamble,* 148 S. C., 49, 145 S. E., 626, filed November 7, 1928, is conclusive of this question. We are unable to agree with this contention. As we view the facts involved in the two cases, there are broad distinctions between the case of *Bank of Williston v. Gamble* and the case at bar. All the description that the mortgage in the *Williston Bank case* contained

with reference to the property in question was "(35) mules," whereas, in the case at bar, there are several descriptive words or phrases that aid in designating the property in question, to wit, "three new Chrysler automobiles at Denmark and Orangeburg, S. C." For the description in the case at bar to be similar to that in the *Williston Bank case,* it should read, "3 automobiles." But instead we have three additional words or phrases to aid in the description. For instance, what kind of automobiles? *"Chrysler"* automobiles. Any further description? *New* Chrysler automobiles. Any further description to aid a third party? New Chrysler automobiles *at Denmark and Orangeburg, S. C.* In the *Williston Bank case,* the description may well be said not to contain information sufficient to put third parties on such notice which, if pursued, would enable one to know what property was intended to be mortgaged; whereas, in the case at bar the description given in the mortgage is sufficiently definite and certain to put third parties on notice which, if pursued, would enable one to ascertain what property was intended to be mortgaged.

There is still another fact which should be considered in passing upon the question of sufficiency of description. At the time of the execution of the Hartzog mortgage, January 12, 1929, by Asendorf, he (Asendorf) owned and had in his possession only "three new Chrysler automobiles at Denmark and Orangeburg, S. C.," so that, if a third party had pursued the notice given in the mortgage, it is not reasonable to presume that such person would have been misled.

In support of the view herein expressed on the question of *sufficient* description, we call attention to the following South Carolina cases: *Robinson v. Saxon Mills,* 124 S. C., 415, 117 S. E., 424; *Brown v. Hughes,* 94 S. C., 140, 77 S. E., 730; *People's Bank v. People's Bank,* 122 S. C., 476, 115 S. E., 736; *Livingston v. S. A. L. Railway,* 100 S. C., 18, 84 S. E., 303; *Kimbrell Co. v. Mills & Young Co.,* 100 S. C., 443, 84 S. E., 996.

We also call attention to the following cases in other jurisdictions: *Gurley v. Davis,* 39 Ark., 394; *Cooper v. Berney Nat. Bank,* 99 Ala., 119, 11 So., 760; *Smith v. McLean,* 24 Iowa, 322; *King v. Howell,* 94 Iowa, 208, 62 N. W., 738; *Buck v. Young,* 1 Ind. App., 558, 27 N. E., 1106; *Kaase v. Johnston,* 5 Ind. T., 76, 82 S. W., 680; *Willey v. Snyder,* 34 Mich., 60.

In the case of *Smith v. McLean, supra,* the Court held that the following description was sufficient: "Five freight wagons, and twenty-five yoke of cattle being on the train now in my possession."

Also, in the case of *Kaase v. Johnston, supra,* the Court held that, where the description contained in the chattel mortgage is sufficient to put third persons on inquiry from which they can ascertain what property was intended to be mortgaged, there is a compliance with the requirement. Also, in the case of *Buck v. Young, supra,* the Court held to the same effect.

Respondent cites some cases from other states which seem to sustain the position of the Circuit Judge. For instance, in the case of *Commercial Sav. Bank v. Brooklyn Lumber & Grain Co.,* 178 Iowa, 1206, 160 N. W., 817, cited by respondent, the Court holds that description "One Regal Underslung Model *N* roadster automobile, now in the possession of the mortgagor and usually kept at his place of business in Brooklyn, Iowa, and owned by the mortgagor," was insufficient. The Court in that case further stated, "The description of the automobile was defective. To say that it was a roadster, or of a particular make as 'underslung,' or of a designated model, would aid in identification no more than the color of a horse or its age or weight, for presumably there are more than one of the kind described."

We cannot agree with the reasoning in that case. It is common practice, well recognized and approved in this State, in giving a chattel mortgage, to describe a horse by stating the color and age; and we know of no better means of describing a common work horse than by giving the color and

age. Usually the name is also given, as well as the sex, and certainly the weight would also aid in identifying a horse. The rule invoked in this case (*Commercial Sav. Bank v. Brooklyn Lumber & Grain Co.*, 178 Iowa, 1206, 160 N. W., 817) does not appeal to this Court, and we think that the rule we have already announced herein more practical.

It is further the contention of appellant, and we think the position well taken, that the Commercial Credit Company is not in position to complain of the description in the Hartzog mortgage not being sufficient, for the reason that the Commercial Credit Company failed to record its papers as required by law, and is estopped to complain of the description in the Hartzog mortgage being vague and indefinite. As the record in the case clearly discloses, the Commercial Credit Company clothed Asendorf with apparent ownership of the property in question, and permitted third parties, including Hartzog, to deal with him (Asendorf) as the absolute owner of the property, unincumbered, and on the strength of this Hartzog advanced his money to Asendorf. Under our view, the Commercial Credit Company is estopped. See *Dunlap v. Gooding,* 22 S. C., 548; *Chambers v. Bookman,* 67 S. C., 432, 46 S. E., 39; *Quattlebaum v. Taylor,* 45 S. C., 512, 23 S. E., 617; *Marines v. Goblet,* 31 S. C., 153, 9 S. E., 803, 17 Am. St. Rep., 22; *McMillan v. Hughes,* 88 S. C., 296, 70 S. E., 804; *Sullivan v. Moore,* 84 S. C., 426, 65 S. E., 108, 66 S. E., 561; *McKee v. Mobley,* 3 S. C., 242. In 21 C. J., 1172, is found this statement of the rule: "Where the true owner of property holds out another, or allows him to appear as the owner of or as having full power of disposition over the property, and innocent third persons are thus led into dealing with such apparent owner or person having such apparent power of disposition, they will be protected." Also: "Where one who owns or has an interest in personal property, with full knowledge of his rights, suffers another to deal with it as his own by selling or pledging it, or otherwise disposing of it, he will be

estopped to assert his title or right as against a third person who has acted on the faith of and been misled by his acquiescence." 21 C. J., 1156, 1157. Also see Bigelow on Estoppels, 434.

Furthermore, the Commercial Credit Company was not impaired by the Hartzog mortgage not containing a more definite description of the property mortgaged to Hartzog. The Commercial Credit Company is in no sense a subsequent creditor of Asendorf. As contended by the appellant: "If Asendorf had sold the cars, or had given the most definite mortgage that can be imagined the Credit Company would not have any claim against the purchaser or mortgagee. Its loss comes about not by any insufficiency in the description of the Hartzog mortgage, but by its own negligence in failing to record its instrument as the law required."

It is also a well-recognized rule of law that, where one of two persons must suffer because of the wrongful act of another, that one should bear the loss who made it possible for the third party to do the wrongful act and brought about the situation in which the loss occurred. See *Palmetto Bank v. Lexington County,* 100 S. C., 452, 84 S. E., 1006; *Martin v. Palmer,* 115 S. C., 17, 104 S. E., 308; *Leaphart v. Selby,* 135 S. C., 1, 133 S. E., 451; *Land v. Reese,* 136 S. C., 267, 134 S. E., 253; and 21 C. J., 1170.

Hartzog had no constructive notice and no actual notice of any claim of the Commercial Credit Company when he advanced money to Asendorf and took as security the chattel mortgage in question. The Commercial Credit Company was duty bound to record its paper in the county of the residence of Asendorf, and, having failed to do so, must bear the loss.

It clearly appears from the transcript of record that there is a balance owing on the Hartzog note and mortgage in the sum of $2,760.74, after giving credit for the proceeds derived from the sale of the tools, machinery, and the automobile, about which there is no question, and that the security of Hartzog was impaired to the extent of $2,438, by the

seizure and taking away of the two automobiles in question by the Commercial Credit Company.

The exceptions of the appellant are therefore sustained, and it is the judgment of this Court that the judgment of the Circuit Court be and is hereby reversed, and that judgment in the sum of $2,438 be entered up in favor of the defendant J. A. Hartzog against the defendant Commercial Credit Company, under Rule 27.

MR. CHIEF JUSTICE WATTS concurs.

MESSRS. JUSTICES BLEASE and STABLER concur in result.

MR. JUSTICE COTHRAN (dissenting): I agree with his Honor, Judge Johnson, in directing a verdict in favor of the Commercial Credit Company, upon the ground that the description of the mortgaged property, in the mortgage of Hartzog, was too indefinite to constitute constructive notice by recording.

The contest is really between the Commercial Credit Company and Hartzog as to the priority of their respective mortgages. The question between them is not so much one of constructive notice by the recordation, as it is of the propriety of recording Hartzog's mortgage at all.

It appears that one Asendorf was a dealer in automobiles, doing business both at Orangeburg and Denmark, but having his residence at Denmark, in Bamberg County, selling Chrysler cars.

On December 12, 1925, he purchased from certain parties in Columbia, representing the Commercial Credit Company, a new Chrysler Car, and executed what is termed a "trust receipt" for it, practically a chattel mortgage as it will be considered. In the receipt, the car was thus described:

"One motor vehicle—make Chrysler, 4 Model Coach. * * * (giving motor and serial numbers)."

This instrument was recorded in Orangeburg County on December 24, 1925, but not in Bamberg County, where the purchaser lived, although doing business also in Orangeburg County.

On January 7, 1926, he purchased from the same parties a new Chrysler car, and executed a similar instrument. In it the car was thus described:

"One motor vehicle—make Chrysler 4, Model Touring. * * * (giving motor and serial numbers)."

This instrument was recorded in Richland County, but not in Bamberg County where the purchaser lived, on January 18, 1926.

There were three other new Chrysler cars involved in the dealings between the parties, about the same time. This litigation does not concern them; it appears to concern only the two cars above described.

On January 12, 1926, Asendorf gave his note to Hartzog for $4,000.00, whether for a past or present consideration does not appear, and gave as security, as Hartzog alleges in his answer, a mortgage upon "two of the automobiles described in the complaint"; the complaint describes three; which two are not indicated, but I will assume that Hartzog intended to refer to the two above described. In the mortgage given to Hartzog, this is a description of the property claimed to have been mortgaged: "Three new Chrysler automobiles at Denmark and Orangeburg, S. C." It appears that Hartzog makes no claim to the third automobile described in the complaint.

Thereafter, on or about February 16, 1926, the Commercial Credit Company seized and took possession of the cars in question.

Asendorf later went into bankruptcy, and the plaintiff, as trustee under the bankrupt law, brought this action against the Credit Company, and J. A. Hartzog, as having some claim to the cars, for the value of the cars, $4,704.

The Commercial Credit Company answered asserting its right to the cars under the trust receipts referred to, and the defendant Hartzog, in the nature of a cross complaint against the Commercial Credit Company, in his answer claimed the cars under his chattel mortgage and damages

for a conversion of them. To this answer of Hartzog, the company replied.

The case was tried before his Honor, Judge Johnson, and a jury, and at the close of the evidence, each of the parties moved for the direction of a verdict. The motion of the Commercial Credit Company was granted; the other motions were refused. From the judgment entered upon the directed verdict in favor of the company, Hartzog has appealed.

His Honor, Judge Johnson, granted the motion of·the Commercial Credit Company upon the ground "that the Hartzog mortgage is so indefinite in its description that it really is not a chattel mortgage." The correctness of that conclusion is really the only point in the appeal; as to it, I think that his Honor was entirely right.

As I have indicated above, the question is not so much one of constructive notice as of the validity of the chattel mortgage held by Hartzog; there is no claim on the part of the Commercial Credit Company that Hartzog was bound by constructive notice of its mortgage, for it is conceded that it was not recorded in the proper county, or that it was a subsequent creditor to Hartzog's mortgage, for it became a creditor before it was executed. Its contention is that Hartzog, by reason of the indefiniteness of the description of the cars, had no mortgage at all. If this be true, the Commercial Credit Company, with a perfectly valid mortgage, though unrecorded, has priority over that which does not amount to a mortgage at all.

I think that it is erroneous to base a decision upon the matter of estoppel—to insist that the Commercial Credit Company cannot recover for the reason that it was negligent in not having its papers recorded. This is to assume that Hartzog held a valid mortgage.

Considering the business in which Asendorf was engaged, the purchase and resale of *new Chrysler cars at Denmark* and at *Orangeburg,* I cannot conceive of anything more indefinite than the description in Hartzog's mortgage, "three

new Chrysler cars at Denmark and Orangeburg, S. C." The three cars could not possibly have been at *Denmark and Orangeburg* at the same time, one of them must have been at one place and the other two at the other, and, if so, which were at one place and which at the other no one could possibly tell.

Suppose Asendorf had had only two new Chrysler cars, one at Denmark and the other at Orangeburg, and the mortgage had described them as two cars at Denmark and Orangeburg, how would it have been possible to tell which was at one place and which at the other? This part of the description would have utterly failed for that reason, and that which was left, "new Chrysler" cars, would have applied to any of a dozen of that description on hand.

The law expects a mortgagee to use the means of identification at hand, and is not overexacting when he has done that. For this reason mortgages upon bales of cotton, or cotton to be grown, have been sustained, for no other identification than the year and the place cultivated is available. *Brown v. Hughes,* 94 S. C., 140, 77 S. E., 730; *Robinson v. Saxon Mills,* 124 S. C., 421, 117 S. E., 424; *Kimbrell Co. v. Mills & Young Co.,* 100 S. C., 443, 84 S. E., 996; *People's Bank of Rock Hill v. People's Bank of Anderson,* 122 S. C., 476, 115 S. E., 736.

There is no chattel that can be more easily and properly described than an automobile: its make, style, number of seats, open or closed, serial number, motor number, cylinders, cylinder number, color, etc.

The general rule as stated in 11 C. J., 456, § 77, is: "It is obvious that a chattel mortgage must describe the property mortgaged. It is necessary that it contain some statement concerning the property which will serve to distinguish it from other property of the same kind."

In 5 R. C. L., 427, it is said: "It may be said to be the general rule, however, that such a mortgage is not good as against creditors of the mortgagor or others acquiring ad-

verse rights, unless it furnishes the data for separating the mortgaged property from the mass of articles. If it leaves the designation of the specific property mentioned therein specified exclusively in the minds of the parties it fails to meet the purposes and requirements of the law and is void for indefiniteness."

In 11 C. J., 463, it is said: "When the rights of third persons become involved the greater weight of authority supports the rule that a mortgage of a specific number of chattels out of a larger number or of specific quantity out of a larger mass which does not furnish data for the reparation of the mortgaged chattels is, when there is no separation or delivery, void for uncertainty."

See, also, *Iowa Automobile Supply Co. v. Tapley*, 186 Iowa, 1341, 171 N. W., 710; *Commercial Sav. Bank v. Brooklyn Lumber & Grain Co.*, 178 Iowa, 1206, 160 N. W., 817; *Northwestern Nat. Bank v. Freeman*, 171 U. S., 620, 19 S. Ct., 36, 43 L. Ed., 307; 5 R. C. L., 427; *Ormsby v. Nolan*, 69 Iowa, 130, 28 N. W., 569; Note, 14 Am. St. Rep., 242; *Bank v. Gamble*, 148 S. C., 49, 145 S. E., 627.

There is a principle well recognized that, if the description is sufficient to put a third person upon the inquiry which pursued would enable him to identify the property intended to be mortgaged with reasonable certainty, it will be deemed sufficient.

In this case there is no assurance that either Asendorf or Hartzog, if applied to, could have had any other idea than that Asendorf meant to mortgage three cars—which ones they could not say, or they might differ.